## VAS GRIDER v. STATE.

No. A-7330.  Opinion Filed Nov. 15, 1930.
(295 Pac. 400.)

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Jackson county on a second and subsequent violation of the prohibitory liquor law of the state (Comp. St. 1921, § 6982 et seq.), and his punishment fixed by the jury at confinement in the state penitentiary for one year and one day and a fine of $100.

The state introduced in evidence the information filed against the defendant in the county court of Jackson county, charging that on the 19th day of July, 1928, he had the unlawful possession of 73½ gallons of beer; also the journal entry of judgment reciting that the defendant, on being arraigned, entered his plea of guilty, and was by the court sentenced to serve a term of 30 days in the county jail and to pay a fine of $50; and the commitment showing that defendant was duly committed to the county jail of Jackson county for such offense and was detained in said county jail by the sheriff of Jackson county until such judgment had been executed, and that defendant was the same person who had been previously adjudged guilty.

And thereupon the further evidence of the state was: That the city marshal of Altus arrested one J. T. Gibson at 318 East Commerce street, and, upon searching the person of Gibson, found a pint of whisky. The defendant was sitting in a coupe in front of the house at 318 East Commerce street. That the officer knew defendant had previously been convicted of violating the liquor laws of the state and had just recently finished serving a term in the county jail in Jackson county for such offense. That such witness arrested the defendant and took his car and took him to the county jail and took the prisoner Gibson to the county attorney's office. That Gibson there told the county attorney and the sheriff of Jackson county that defendant's car contained whisky in a compartment behind the cushion in the car. That the

sheriff thereupon, acting upon such information and upon his knowledge that the defendant had previously been convicted, proceeded without a warrant to search the car, and found concealed therein three quarts and one-half pint of whisky. The city marshal had no warrant for the arrest of the defendant at the time he was arrested and taken to jail. Defendant did not take the witness stand and offered no evidence. He filed a motion to suppress the evidence in the case, for the reason that the same was obtained in violation of his constitutional rights by the search of his car without a warrant.

Under the facts and circumstances of the case and the authority of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, Washington v. State, 37 Okla. Cr. 415, 259 Pac. 150, and Strong v. State, 42 Okla. Cr. 114, 274 Pac. 890, the search and seizure was legal and the evidence obtained was admissible.

The defendant next contends that the court invaded the province of the jury in giving the following instruction:

"It appears from the evidence in this case that in the county court of Jackson county, state of Oklahoma, on the 30th day of August, 1928, the defendant was charged by information with the offense of illegal possession of intoxicating liquors and that on the 31st day of August, 1928, the said defendant appeared in said court and entered his plea of guilty to said charge, and was thereupon on said date sentenced to serve a term of 30 days in the county jail of Jackson county and to pay a fine of $50 and costs of said action, and that he was duly committed to the county jail and served said sentence;

"Therefore, you are instructed that it may be taken as proven by the record evidence in this case that the defendant had been convicted of the violation of the prohibitory laws of this state prior to the date of the commis-

154

sion of the alleged offense for which he is now on trial, and you are further instructed that the county court of this county had jurisdiction to hear and determine said cause. And it will now be your duty to inquire into whether or not the defendant is guilty as charged of violating the prohibitory laws for a second time."

In the case of Johnston v. State, 46 Okla. Cr. 431, 287 Pac. 1068, this court said:

"In a prosecution under section 6991, Comp. Stat. 1921, where accused is charged with a second violation of the prohibitory liquor law, and has pleaded not guilty, the alleged prior conviction is a question of fact of which the jury is the sole and exclusive judge under article 2, § 19, of the state Constitution, and section 2690, Comp. Stat. 1921, and it is reversible error for the trial court to invade the province of the jury and to instruct the jury as a matter of law that a substantive element of the crime, the prior conviction, is true."

The giving of the instruction complained of was reversible error. For that reason the cause is reversed and remanded, with instructions to the court to proceed with the trial of the case in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.