**L. B. BURNS, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defendant in Error.**
**No. A–12083.**

Criminal Court of Appeals of Oklahoma.
March 30, 1955.

Appeal from the County Court of McCurtain County; James H. Nease, Judge.

L. B. Burns was convicted of the offense of unlawful possession of intoxicating liquor, and appeals. Affirmed.

Paul Harkey, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, L. B. Burns, was convicted in the county court of McCurtain County of the charge of unlawful possession of intoxicating liquor. The jury assessed a penalty of a fine of $50, and thirty days confinement in the county jail.

The question as to whether or not the trial court correctly overruled the motion to suppress is the only issue presented.

Prior to trial defendant interposed a motion to suppress the evidence with reference to the discovery of four one-half pints and one full pint of tax-paid whiskey found by an officer in a secret compartment in a table found in the kitchen of defendant's home.

The evidence in support of the motion developed that some time after dark on the evening of July 18, 1953, T. V. Wake and H. E. Stewart, deputy sheriffs, went to the home of the defendant located near Broken Bow, but did not immediately search the premises. They did not have a search warrant, so they hid in a wooded place near and watched the house. They observed one Clyde Hunter drive his taxi up to the house. He had two Indian boys as passengers. About the same time the defendant drove up in his car. The officers searched the occupants of the taxi, but did not discover any liquor. Clearly they were not authorized to search the taxi or the occupants, because they were not acting under authority of a search warrant, and no facts existed that could justify such search.

The officers then went over to the defendant's car and one of them, H. E. Stewart, engaged in a conversation with the defendant. The determinative factor is whether or not the accused consented to the search of his premises without a warrant.

Deputy Stewart testified on direct examination:

"Q. I will ask you if you had any conversation with Mr. Burns prior to making the search? A. Yes sir.

"Q. Will you give the substance of that conversation? A. He asked me if I had a search warrant. I said, 'No, I can get one if I need one'. He said, 'You won't need one, go ahead and look around.'

"Q. He told you you didn't need it? A. Yes, sir."

T. V. Wake testified that he was at the defendant's car with deputy Stewart and heard the conversation between defendant and the deputy, and heard the defendant say, "Go ahead and look around anywhere you want to", and he then went to the kitchen door of defendant's house, went in and found the whiskey in question concealed in a little table. He stated: "There was a water bucket on the table, and a false bottom underneath the table."

The defendant testified and denied that he gave the officers permission to search his home or the premises. He stated that officer Stewart stated that he did not need a warrant. There were some other conflicts as to details between the evidence of the defendant and his wife, who testified for him, and that of the officers.

The court at the close of the evidence, apparently to clear up the question causing him concern, recalled witness Stewart for further questioning, as follows:

"By the court: Mr. Stewart, will you repeat what Mr. Burns said, just exactly what he said? A. He asked me if I had a search warrant, and I told him I didn't but I could get one if I needed it. He said, 'You don't need one, go ahead and look around'.

"By the Court: It is not often that a defendant waives his right for a search warrant but from the officers' testimony in this case, he did.

"By Mr. Harkey: Did he offer during the conversation to open the trunk of his automobile for you? A. I believe he did. I am not sure.

"By the Court: The motion is overruled.

"By Mr. Harkey: We want an exception. Did you make the order?

"By the Court: Yes."

The trial court in solution of the matter then before him was justified for guidance by the principles reiterated in the syllabus to Hogan v. State, 94 Okl.Cr. 375, 236 P.2d 276, as follows:

"1. It is fundamental that a waiver must be proved by the party alleging it, and such proof must be clear and convincing, that the waiver was a free and voluntary act.

"2. Trial court's ruling on motion to suppress evidence will be sustained where there is conflicting testimony as to the facts and there is competent evidence in the record to sustain court's finding.

"3. Where search of an automobile or premises is made without a search warrant, and the state contends the search was predicated upon a waiver, the test is, was permission to conduct the search asked and granted freely and voluntarily, or to the contrary was the approach and search effected in the nature of an arbitrary display and exercise of authority by the officer or officers making the search."

■ The evidence no where shows that the officers were displaying firearms or acting in a belligerent manner. We think that the invitation of the defendant, "You won't need one [a search warrant], go ahead and look around", if voluntarily and freely made constituted a waiver of a search warrant.

But defendant did not admit that he made such a statement by reason of coercion and compulsion by fact of fear engendered by the conduct of the officers, but he simply denied making the statement at all. Thus the case boiled down, so far as the trial court was concerned, as to whom he should believe. He had the witnesses before him, he considered their demeanor, their interest in the outcome of the case, he weighed the evidence and believed the testimony of the officers.

■ Under the facts here shown, we are bound by the rule announced in Mitchell v. State, 73 Okl.Cr. 184, 119 P.2d 99, 100, and many subsequent cases, where it is stated:

"The Criminal Court of Appeals will not reverse a trial court upon a finding of fact in connection with a motion to suppress the evidence where there is competent evidence in the record reasonably tending to support the findings of the court."

On account of what has been said, the judgment appealed from must be and the same is, affirmed.

JONES, P. J., and BRETT, J., concur.