**Melvin Bernard MITCHELL,
Plaintiff in Error,
v.
The STATE of Oklahoma, Defendant in Error.
No. A–15341.**

Court of Criminal Appeals of Oklahoma.
March 11, 1970.

**510**

Don Anderson, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Melvin Bernard Mitchell, hereinafter referred to as defendant, is appealing from a conviction in the district court of Oklahoma County, for the crime of Robbery with Firearms for which he was sentenced to serve 7 years in the state penitentiary. Judgment and sentence was imposed in district court case number CRF–69–270 on May 7, 1969, after which the appeal was lodged in this Court.

█ The defendant has raised two questions (1) the sufficiency of the evidence, and (2) the excessive punishment. This Court held in Williams v. State, Okl.Cr., 373 P.2d 91, in the second paragraph of its syllabus as follows:

> "Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See also: Kelly v. State, Okl.Cr., 415 P.2d 187; and Fields v. State, Okl.Cr., 322 P.2d 431. There is a long line of Oklahoma cases supporting this general rule, that the jury shall weigh the evidence and draw inferences therefrom, and this Court will not disturb such inferences and conclusions by a jury, when supported by competent evidence.

█ Defendant's second proposition asserts that the punishment is excessive. 21 O.S.1961, § 801 provides the maximum punishment for armed robbery to be death, and the minimum punishment is set at 5 years imprisonment. We fail to see the validity of this proposition, and conclude that the punishment of seven years imprisonment imposed herein—for a capital offense—is not excessive.

Defendant's brief cites cases in which the sentences for armed robbery range from 20 to 99 years. The sentences imposed in those cases were found to be excessive, under the facts presented, and were modified by this Court. But in none of those decisions was the sentence reduced to less than seven years imprisonment.

After having considered the briefs and the records filed herein, the Court is of the opinion that the evidence—while conflicting—was sufficient, and therefore the judgment and sentence of the trial court should be, and the same is, affirmed.

BUSSEY and NIX, JJ., concur.