**Leroy JACKSON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16056.**

Court of Criminal Appeals of Oklahoma.
June 16, 1971.

Shelton Skinner, Shawnee, for plaintiff in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Leroy Jackson, Plaintiff in Error, hereinafter referred to as defendant, was charged by information with the crime of Manslaughter First Degree (21 O.S. § 711) in the District Court of Pottawatomie County, Case No. CRF–69–284. Defendant was tried by a jury which found him guilty and fixed punishment at 25 years imprisonment. Judgment and sentence in accord with the verdict was imposed on March 30, 1970, and this appeal perfected therefrom.

Specifically, defendant was charged with having caused the death of Clinton Eubanks while engaged in a misdemeanor, that being commission of aggravated assault and battery upon Eubanks. The evidence establishes that on the evening of November 12, 1969, several persons were at the home of Eddie Paul "Pete" Bristow in Pottawatomie County where there was a great deal of drinking and some fighting. Defendant "jumped" Eubanks three or four different times and the others had to force defendant away from Eubanks. None of the witnesses saw Eubanks hit the defendant. Defendant was observed beating Eubanks with his fists and kicking him with his feet while Eubanks was lying on the ground. One witness said defendant beat and hit Eubanks for about ten minutes.

Eubanks was taken to a friend's home and later to Mission Hill Hospital for his injuries. Still later, Eubanks was admitted to the University Hospital in Oklahoma City for treatment. While there, Eubanks' condition deteriorated and it was decided that surgery was required. Eubanks suffered a cardiac arrest after being placed on the operating table, but was revived while surgery continued only to have the heart fail completely after the operation was completed.

The evidence indicates Eubanks had extensive injuries as a result of the beating inflicted by defendant. Particularly Eubanks' left side was severely injured. There was considerable medical testimony concerning Eubanks' condition and the pathologist concluded that the immediate cause of death was cardiac arrest which was "a complication of the septicemia or the generalized infection which we found evidence of in several organs in the body. This generalized infection arising in this extensive area of injury in the left chest wall." Death occurred on November 20, 1969, seven days after the beating.

Essentially, defendant assigns as error the overruling of the demurrer, and motion for directed verdict, that the verdict is not supported by sufficient evidence and contrary to the evidence and law. Defendant cites no authorities and does not expound

on his assignments. Defendant further contends the state did not prove the beating took place in Pottowatomie County.

We find that the evidence does establish the beating occurred in Pottowatomie County as shown by testimony of several witnesses. Henson v. State, Okl.Cr., 317 P.2d 732; Pierce v. State, Okl.Cr., 358 P. 2d 647. Furthermore, we are satisfied there was sufficient evidence presented from which the jury could reasonably conclude defendant beat Eubanks and that his death was a direct result of the beating. Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the verdict will not be disturbed as it is the province of the jury to weigh the evidence and determine the facts. France v. State, Okl.Cr., 467 P.2d 526 (1970); Mitchell v. State, Okl.Cr., 467 P. 2d 509 (1970).

Finding no error, we conclude the judgment and sentence must be and the same is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.