Jermiah GONZALES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–411.

Court of Criminal Appeals of Oklahoma.

July 16, 1974.

James E. Frazier, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court, Rogers County, Case No. CRF–73–1, appellant Jermiah

Gonzales, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Unlawful Possession of Marihuana With Intent to Distribute. His punishment was fixed at a term of ten (10) years imprisonment with an additional fine of Five Thousand ($5,000.00) dollars assessed. From said judgment and sentence, defendant has perfected a timely appeal to this Court.

The evidence at trial revealed that Trooper Dan James on January 1, 1973, at approximately 9:30 p. m. was parked to the side of Interstate Forty-Four near the portion of the highway which divides into the Will Rogers Turnpike. Looking through his rearview mirror, James observed defendant approach in a sports model Opel. The left front headlight of the vehicle was not burning. James pursued and stopped defendant. Upon James' command, defendant stepped from the car for a license check. While James was checking defendant's driver's license, the left front door to the car was left open. The dome light within defendant's car illuminated the contents and James observed a box of .44 magnum shells on the console between the front seats. He further noted that defendant had a large quantity of money which he observed in the right front pocket of the jacket that he was wearing. Also, on the floor in front of the front passenger seat James saw a burlap bag which contained marihuana. Upon his discovering the marihuana, James related the defendant stated: "you've got me and I'm finished, but the good stuff is at the house." (Tr 17) Thereafter, defendant informed James that "there's another bag in the back seat of the car." (Tr 17) And upon this information James retrieved a green plastic garbage bag which also contained marihuana. Thereafter, James radioed Under Sheriff J. B. Hamby. Defendant was handcuffed, placed in the patrol car, and given Miranda warnings. A consent to search defendant's residence was hand written by backup Officer Darrell Van-Horn, James' companion officer, and defendant signed the consent to search. Under Sheriff Hamby, VanHorn and James proceeded to defendant's residence, defendant knocked at the door, his wife answered, the officers were admitted to the premises and their search of the premises revealed a quantity of marihuana found in the bedroom of defendant's home. James specifically stated his side arm was never drawn during the entire process of the investigation of this incident.

Don Flint, chemist for the Oklahoma Bureau of Investigation, testified he examined the State's exhibits and from his examination concluded the substance contained therein to be marihuana.

Officer Darrell VanHorn of the Oklahoma State Highway Patrol testified he was James' companion during the above incident. His testimony substantially corroborated that testimony given by James.

J. B. Hamby, Under Sheriff of Rogers County, testified regarding the chain of custody of the exhibits containing marihuana, introduced into evidence.

Thereafter the State rested.

The defense called Officer Don James who testified he arrived at the scene at approximately 9:30 p. m.

Thereafter the defense rested.

In defendant's first proposition counsel argues the search of defendant's vehicle was unlawful. The evidence adduced at the trial and the Motion to Suppress Hearing conducted at trial reveal the following:

Officer James testified he was seated along the highway at the heretofore mentioned position and observed defendant's vehicle approach his car. As defendant approached he observed the left front headlight was not burning. Officer James then pursued the vehicle, stopped it, and walked to the driver's side of the car. According to defendant's testimony defendant emerged and in response to the officer's demand, produced his wallet for driver's license check. At that time Officer James informed defendant his left front headlight was not burning. According to defendant's testimony, defendant walked to the front of the vehicle, bent down and

bumped the headlamp with the palm of his hand. Simultaneously Two Thousand Nine-Hundred dollars in bills, which he was carrying in his coat pocket, fell to the ground. Defendant testified that James and his companion Officer VanHorn helped him pick up the money and then asked him where he obtained it. Defendant testified he replied he had obtained it from friends. VanHorn then walked to the right side of his car, shined his flashlight inside the vehicle, and observed a box of empty .44 magnum casings on the console. After this discovery, VanHorn asked him what he was doing with a gun inside the car. Defendant replied there was not a gun within the car. Thereafter defendant was searched by VanHorn while James administered the Miranda warnings. Subsequently VanHorn searched the vehicle and as a product of this search, the burlap bag containing contraband marihuana was found. Finally defendant testified he only consented to a search of his residence after he was coerced with a firearm by VanHorn.

■ Defense counsel in a detailed argument submits the circumstances which preceded the search are insufficient to establish reasonable cause for a search for contraband, as there was nothing produced in the preceding events which would justify reasonable cause to believe the contraband was within the vehicle. We find these arguments meritorious and sufficient to raise a close question on the issue of probable cause. As a general rule the facts preceding a search must present sufficient facts to warrant an officer to reasonably infer contraband is within the vehicle. Further, there must be exigent circumstances which justify the officer to make the search without a warrant. The circumstances generating probable cause may, however, consist of a chain of ambiguous innocent activities which coupled together would lead a reasonable officer to believe contraband is within a vehicle. See United States v. Patterson, 492 F.2d 995 (9th Cir. 1974). The facts adduced at trial and the Suppress Hearing present a very close question as to whether there were sufficient circumstances justifying a search upon probable cause. We, however, after studying the record in its entirety find it unnecessary to turn the question of the validity of the search of the vehicle and the seizure of the contraband therein contained upon the probable cause to search for contraband.

■ The evidence adduced from the defendant's testimony revealed the officers conducted their search of the vehicle in an effort to find a firearm they believed to be therein contained upon their observance of the empty shell casings upon the vehicle's console. Their observation of the shell casings was sufficient to give them reason to believe a firearm was within the vehicle. We find a search for this weapon falls within the purview of a protective search. It is of necessity an officer be permitted to free himself from danger from the use of an offensive weapon which may possibly be in the possession of a subject. In the instant case the defendant was outside the vehicle and a search of his person would abate immediate danger from the use of such a weapon. However, should the officers have released the defendant and permitted him to re-enter the vehicle, the officers' safety could have been placed in jeopardy. The vehicle driven by defendant was a sports model. The interior of such a vehicle is of a size that the entire interior of the vehicle is reasonably within the reach of the driver. Coupling the accessibility of the interior of the vehicle to the driver and the officers' observance of the shell casings on the console, we find the officers could properly search the interior of a vehicle for a firearm which could be used against them after defendant was released from custody. Consequently, since the officers could lawfully search the vehicle for a firearm, all contraband found incidental to that search could have lawfully been seized. We therefore find the search of the vehicle and the seizure of the contraband therein contained was a lawful one.

Defense counsel next argues the search of defendant's residence was unlawful as defendant was coerced into consenting to said search. The evidence adduced at the Suppress Hearing on the part of the defense revealed defendant did not knowingly sign a consent to search waiver, State's exhibit No. 1. This evidence is controverted by the State's evidence. After studying the entire record, we find the evidence adduced at both trial and the Suppress Hearing sufficient to support in the court's determination that the consent to search the residence was not the product of coercion. We therefore find the contraband found within defendant's residence was properly admitted into evidence. Considering all of the circumstances of the case, there is sufficient evidence to sustain the court's determination the contraband was admissible. See Burns v. State, Okl. Cr., 282 P.2d 258 (1955); Bell v. State, Okl.Cr., 512 P.2d 226 (1973). We therefore find this proposition to be without merit.

In defendant's final proposition, he argues the evidence is insufficient to support a verdict for Possession With Intent to Distribute. In the instant case, Officer VanHorn testified that defendant admitted he wholesaled marihuana, described the scope of his operations, and clearly showed the contraband he had in his · possession was in his possession for the purpose of distribution. We find this evidence coupled with the quantity found to be sufficient to support the jury's determination that defendant maintained possession of this contraband with intent to distribute it. See Jones v. State, Okl.Cr., 468 P.2d 805 (1970). We therefore find this proposition to be without merit.

The judgment and sentence is affirmed.

BRETT, J., concurs in results.

BUSSEY, J., concurs specially.

BUSSEY, Judge (specially concurring):

I am of the opinion that under all the facts and attendant circumstances in the instant case, when the arresting officer, after stopping the defendant for a defective headlight, observed the expended cartridges within the automobile, he had a right not only to search the defendant, but to search the automobile, for the cartridges which were observed, were in plain view. The sack containing the marijuana might well have contained a pistol, and although no pistol was found, the discovery of this contraband found incident to a lawful arrest and search for weapon, was admissible.

In connection with the defendant's contention that the search warrant consent given for his residence was coerced, it is apparent that he had been advised of his Miranda warnings prior to the consent, and of his right to resist the search of his home. It is my opinion that the introduction of the marijuana seized at the home of the defendant, under the consent waiver, did not substantially or reasonably contribute to the jury's determination of the defendant's guilt, since ample evidence of his guilt had been produced, independent of the marijuana seized under the waiver of search, and even had the consent to search the home been involuntarily given, this conviction should be affirmed under the decisions of the United States Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 since the admission of such evidence was, at most, harmless error.