**James Monty DUKE et al., Appellants,**

**v.**

**The STATE of Oklahoma, Appellee.**

**Nos. F–75–724, F–75–730.**

Court of Criminal Appeals of Oklahoma.

March 31, 1976.

Rehearings Denied April 21, 1976.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## CONSOLIDATED OPINION

BRETT, Presiding Judge.

This decision consolidates the appeal of James Monty Duke, No. F–75–724, and the appeal of Jackie Martin, Jr. and David Lee Walls, No. F–75–730.

Appellants, James Monty Duke, Jackie Martin, Jr. and David Lee Walls, hereinafter referred to as defendants, were jointly charged, tried and convicted in the District Court, Seminole County, Case No. CR–75–44, of the offense of Robbery With Firearms in violation of 21 O.S.1971, § 801. The jury fixed their punishments at terms of five (5), seven (7) and ten (10) years' imprisonment, respectively. From said judgments and sentences, a timely appeal has been perfected to this Court. Because the assignments of error raised by each defendant are identical, these appeals have been consolidated for the purpose of this opinion.

Briefly stated, the facts presented at trial revealed that on February 28, 1975, at about 3:00 p. m., Mrs. Nellie Ricketts and her husband, J. B. Ricketts, the owner of Ricketts Grocery Store in Cromwell, Oklahoma, were robbed at gunpoint by a person they identified as defendant Walls. Shortly before the robbery, Mrs. Cindy Broughton, the Ricketts' daughter, saw defendants Martin and Walls together in front of the store. She subsequently saw defendant Walls enter the store alone. Walls squatted down looking at some candy for several minutes until all the customers had left the store and then pointed a .38 caliber revolver at Mr. and Mrs. Ricketts, and forced Mrs. Ricketts to place the money from the cash register into a paper bag. The defendant also took a red Okemah National Bank bag containing additional money. He ran out the front door where he met defendant Martin who had been sit-

Earl A. Davis, Wewoka, and Steve Davis, Birdsong & Sanchez, Oklahoma City, for appellant James Monty Duke.

R. Victor Kennemer, III, Wewoka, for appellant Jackie Martin, Jr., and David Lee Walls.

ting on the front porch all this time. The two men fled on foot in a southwest direction.

The Ricketts Grocery Store is located at the intersection of Highway 56 and Highway 99-A, which runs east-west. Shortly after the robbery, a red and white Gremlin automobile with apparently only one occupant was seen on a dirt road at a location approximately one-half mile south and west of the Ricketts' store. The Gremlin traveled north on the dirt road and turned west onto Highway 99-A, headed toward Highway 99 and Seminole.

At about 3:15 p. m., Officer Terry Thomason of the Seminole Police Department received a police dispatch ordering him to proceed to Highway 99 north of Seminole, and to watch for a red Gremlin automobile which had been seen leaving the vicinity of an armed robbery in Cromwell. About 20 minutes later Officer Thomason stopped a red Gremlin being driven south on Highway 99 at a point about 18 miles southwest of Cromwell. He ordered the driver, defendant Duke, to get out of the car with his hands up. At this point he noticed movement in the rear of the car and ordered defendant Walls to get out of the car. Defendants Walls and Duke were then handcuffed and placed in the patrol car.

Officer Thomason then searched the car and found a box of .38 caliber shells, a .38 caliber revolver, a paper bag containing a number of bills and coins, a red Okemah National Bank money bag, and two knitted caps with eyeholes cut into them which were similar to ones worn by the robbers. Finally, defendant Martin was discovered lying, apparently unconscious, under a pile of clothing in the front passenger seat.

During the trial, a hearing was held out of the presence of the jury on the defendants' motion to suppress the evidence discovered during the search of the Gremlin, and the motion was overruled.

The defendants' first assignment of error urges that their arrest and the war-rantless search of the automobile were without probable cause and, therefore, illegal, rendering any evidence discovered during the search inadmissible. The defendants further contend that the verdicts were not supported by properly admissible evidence.

■ According to 22 O.S.1971, § 196, a police officer may arrest a person without a warrant when he has reasonable cause to believe that the arrestee has committed a felony which has in fact been committed. There is no question here that a felony had in fact been committed. The arrest therefore could be invalid only if the officer had less than probable cause to believe that the defendants had committed that felony when he arrested them. The test of whether police officers have probable cause to make a warrantless arrest is:

". . . whether at [the moment the arrest was made] the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense. . . ."

*Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Greene v. State*, Okl. Cr., 508 P.2d 1095 (1973).

■ The record reveals that at about 3:15 p. m. Officer Terry Thomason received a police dispatch stating that a red Gremlin automobile was seen leaving the vicinity of an armed robbery in Cromwell, heading west on Highway 99-A towards Highway 99. About 15 minutes later he spotted a car of that description traveling in the reported direction on Highway 99 at a point about 19 miles southwest of Cromwell. He stopped the car and ordered the driver, who was apparently the sole occupant of the car, to get out. At this time Officer Thomason saw defendant Walls start to rise up in the back seat and then lie back down. He ordered defendant Walls, who fit the broadcasted description of one of the two robbers, to get out of the

car also. A subsequent search of the automobile revealed defendant Martin lying under a pile of coats. He also fit the broadcasted description of one of the two robbers. We find that based on all the facts within the officer's knowledge at the time, he had probable cause to arrest each of the defendants and each arrest was therefore legal.

■ The defendants further contend that the warrantless search of the automobile was unlawful. Because Officer Thomason had probable cause to arrest the defendants for the crime of armed robbery and because the robbery had occurred only a short time earlier, we find that he also had probable cause to believe that weapons and fruits of the crime could be found in the vehicle. Under the existing exigent circumstances, the officer acted lawfully in searching the vehicle without a warrant. See, *Wilson v. State*, Okl.Cr., 508 P.2d 718 (1973), and *United States v. Patterson*, 492 F.2d 995 (1974), cited with approval in *Gonzales v. State*, Okl.Cr., 525 P.2d 656 (1974). The evidence discovered during the warrantless search of the vehicle was, therefore, admissible. See, *Grider v. State*, 49 Okl.Cr. 151, 295 P. 400 (1930).

■ The defendants next assert that the verdict was not supported by properly admissible evidence. We do not agree. It is well settled that this Court will not interfere with the verdict where there is competent evidence in the record from which the jury might reasonably conclude that the defendants were guilty as charged since it is the exclusive province of the jury to weigh the evidence and determine the facts. *Williams v. State*, Okl.Cr., 373 P.2d 91 (1962); *Mitchell v. State*, Okl.Cr., 467 P.2d 509 (1970). An examination of the entire record reveals that sufficient competent evidence was presented at trial to support a verdict of guilty. We are also of the opinion that even if the evidence discovered during the contemporaneous search of the automobile should have been suppressed, there was still sufficient competent evidence presented at trial to support a finding of guilt beyond a reasonable doubt. We therefore find this assignment of error to be without merit.

Defendants' second assignment of error asserts that the action of the trial court in conversing with the jury, after the jury had retired for deliberation, and without first conducting the jury into the courtroom, constituted reversible error. The trial transcript reveals that after the jury had retired for deliberation, the bailiff was called to the jury room and the foreman requested instructions about deferred and suspended sentences. The defendants, their attorneys and a representative of the District Attorney's Office were in the courtroom. At this time the trial judge advised them of the communication, stated that he intended to inform the jury that they had their instructions, and asked if there were any objections. There were none. He then spoke through the open door of the jury room and informed the jury that they had their instructions. Defendant Walls' attorney then objected.

■ The defendants contend that this action violated 22 O.S.1971, § 894, which states in part:

"After the jury have retired for deliberation, if . . . they desire to be informed on a point of law arising in the cause, they must require the officer *to conduct them into court.* . . ." (Emphasis added)

Failure to strictly comply with every provision of this statute raises a presumption of prejudice which will ordinarily amount to fundamental error. *Green v. State,* Okl. Cr., 281 P.2d 200 (1955). However, this Court reaffirmed in *Wilson v. State,* Okl. Cr., 534 P.2d 1325 (1975), that the harmless error doctrine might be applicable in certain particular fact situations. In *Wilson*, the foreman requested further instructions about good time credits after the jury had retired for deliberation. The trial judge told the bailiff that they had their instructions and should read them. This Court found that no prejudice resulted in

the technical violation of the statute and any error was harmless. Because the facts in the case at hand are virtually indistinguishable from the facts in *Wilson*, we conclude that the technical violation of the statute in this case constitutes harmless error, and therefore find this assignment of error to be without merit.

In their third assignment of error, the defendants contend that the trial court abused its discretion by refusing to grant their motions for severance. It is a well settled rule that the granting of a motion for severance is a matter within the discretion of the trial court and this Court will not overrule the trial court in the absence of a clear showing of prejudice. See, *Ferguson v. State*, Okl.Cr., 489 P.2d 523 (1971). During the defendants' trial, no confessions were introduced and no defendant testified as to the guilt of any of the others. In fact, none of the defendants testified at all. Furthermore, the principal evidence presented against each defendant was also available against the others. Further evidence of the lack of prejudice suffered by the defendants is revealed when the sentences which were imposed upon the defendants are compared to the sentences which could have been imposed upon them. We find that the defendants were not prejudiced by the trial court's ruling and that the trial court did not abuse its discretion. For the above stated reasons we find this assignment of error to be without merit.

After considering the record and briefs before this Court, and finding no error that would justify modification or reversal, the judgments and sentences appealed from are, hereby, *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.