James Thomas **HUTSON**, Appellant,

v.

**The STATE of Oklahoma**, Appellee.

No. F–76–105.

Court of Criminal Appeals of Oklahoma.

June 8, 1976.

Rehearing Denied June 25, 1976.

As Corrected July 22, 1976.

Benjamin J. Curtis, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Joe Mark Elkouri, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, James Thomas Hutson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, LeFlore County, Case No. CRF–75–148, for two counts of the offense of Robbery With Firearms, in violation of 21 O.S., § 801. His punishment was fixed at a term of thirty (30) years' imprisonment on each count. From said judgments and sentences, defendant has perfected a timely appeal to this Court.

At the trial Ruth Lyons testified that on August 19, 1975, she and her husband lived at 410 Clayton Avenue in Poteau, Oklahoma. On that date they left home at about 5:30 p. m. to purchase a deep freezer and immediately returned home to await delivery of the freezer which was installed in the breezeway of their home, which adjoined the kitchen. At approximately 9:15 p. m. Mrs. Lyons' husband went out to check the freezer and a few minutes later entered the back door with "a big curtain over his head, and  .  .  .  his arms up." A man, whom she identified in court as the defendant, stepped from behind her husband and told her to "lay down." As the defendant spoke to her she saw the barrel of a .22 pistol, silver in color, in his hand. The defendant then pushed her to the floor

and put the gun to her head. After being forced to the floor she was tied up with neckties. Witness Lyons asked the defendant to take the heavy curtain off her husband because he had a heart condition, and the person accompanying the defendant told her to "shut up or I'll kill you." The defendant was located behind her with a gun and every time she tried to speak he pushed her head to the floor, telling her he was going to "blow her brains out."

Witness Lyons further testified that she could see under the towel which had been placed over her head and observed several rifles being taken out the back door and being placed in the trunk of a car. When the defendant and the other man took the rifles out the back door, the door automatically locked on closing. The defendant tried to re-enter the back door but was unable to do so. Witness Lyons testified that between $3,000.00 to $4,000.00 was taken from her purse, along with money from her husband's billfold, and that they left in her 1974 white Thunderbird. She and her husband went to the Poteau Police Station the next day to identify the rifles and her car. The witness identified in court a fifty cent piece her husband had given her and a twenty-five cent piece which she had found while deer hunting, several two dollar bills and a one dollar bill, which she had marked with a red pen, as being part of the money taken on the night of the robbery.

Hansel Bradford testified he was employed as an Arkansas State Police Officer. On August 20, 1975, he received a report that an automobile, previously reported stolen, had been seen, pursued and then abandoned in front of a barn two miles north of Waldron, Arkansas. Shortly thereafter, he arrived at the barn and observed a 1974 white Thunderbird, bearing Oklahoma license tag number LE–1000. A search of the automobile revealed a large number of rifles in the trunk. The defendant and one Donald Ray Saunders were observed walking toward Waldron and were apprehended. At the Sheriff's Office, a search of the two men was conducted and a large amount of money was found in Saunders' boots.

Arnold Howard testified that he was the Sheriff of Scott County, Arkansas. On August 20, 1975, the defendant and Donald Ray Saunders were brought into his office where they were questioned and searched. The search revealed 96 one dollar bills; $3.25 in nickels, dimes and quarters; a half-dollar which was wrapped in plastic tape; an old quarter, and a package of money retrieved from Saunders' boot. The total amount of money found was $3,386.00.

Bill Seale testified that he was the Chief of Police of Poteau, Oklahoma. On August 19, 1975, he went to the home of Charles and Ruth Lyons to investigate a robbery. The following day he went to Waldron, Arkansas, where he observed a 1974 white Thunderbird with Oklahoma license tag number LE–1000. Found in the trunk of the automobile were a number of rifles and a pistol. The guns and automobile were taken to Poteau where Mr. Lyons identified them.

Charles Lyons testified he was the husband of Ruth Lyons. Mr. Lyons' testimony was substantially the same as that of Mrs. Lyons. The State then rested.

The defendant did not take the stand nor offer any evidence in his behalf.

The defendant's first assignment of error asserts that the court erred in instructing the jury. This Court has repeatedly held that the instructions to the jury must be considered as a whole and, when so considered, if they fairly and correctly state the law applicable to the case they will be sufficient, and it is not error to refuse requested instructions when requested instructions are substantially covered by the instructions given by the trial court. See, *Owens v. State,* Okl.Cr., 438 P.2d 21 (1968), and *Cawley v. State,* 96 Okl.Cr. 53, 248 P.2d 273 (1952). We have carefully examined the trial court's instructions in the instant case and find that when considered in their entirety they correctly state the law

applicable to the facts and evidence presented at trial.

Defendant's final assignment of error asserts that the punishment is excessive. This Court will not modify a sentence unless we can conscientiously say under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. We need only observe that in the instant case the punishment was within the range provided by law and does not shock the conscience of this Court. See, *Roberts v. State,* Okl.Cr., 473 P.2d 264 (1970).

Finding no merit to the assignments of error presented, it is our opinion that the judgments and sentences appealed from should be, and the same are, hereby, *AFFIRMED.*

BRETT, P. J., and BLISS, J. concur.