**Robert Lee WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–685.**

Court of Criminal Appeals of Oklahoma.

March 14, 1977.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Robert Lee Williams, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–75–3082, with the offense of Robbery With Firearms, in violation of 21 O.S. Supp.1973, § 801. He was tried and convicted by a jury, with punishment being set at twenty (20) years in the penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

The charge in this case stemmed from the robbery of a Git–N–Go store in Tulsa, Oklahoma. On December 31, 1975, at approximately 4:00 a. m., two black men entered the store and selected some grocery items. Instead of paying for them one of the men produced a gun and ordered the store manager, William Grebing, to open the cash register. They took all the currency, tied Grebing in the storeroom, and fled the scene; but, Grebing had touched off a silent alarm and police officers had been dispatched to the store. Officer Howard Hadley of the Tulsa Police Department testified that he was on his way to the store when he saw a car coming from that direction. The vehicle appeared to have one person in it, a black man, who was slumped down in the driver's seat and who turned his head away from the officer as he drove by. Since the car was the only one in the area, Officer Hadley stopped it for investigation. He testified that at that time he was receiving a description of the robbers over his radio, and when the driver, whom he identified as the defendant, stepped from the car he asked if there were anyone else in the car, to which the man replied that there was. The officer looked through the window and saw a pistol laying in the front seat of the car, and arrested both men for armed robbery. A search of the car produced a sack containing groceries and currency.

The defendant's sole assignment of error is that the trial court committed error in overruling his motion to quash the arrest and suppress the evidence seized. He argues that Officer Hadley did not have probable cause to stop the car or to arrest the defendant and search the vehicle.

█ Under the facts as set forth above, however, the Officer was justified in stopping the defendant on an investigatory basis. In *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the United States Supreme Court said:

"In Terry this Court recognized that a 'police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' [*Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. See id., at 23, 88 S.Ct. at 1881, 20 L.Ed.2d at 907. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. . . ." (Citations omitted)

And see, *Cooper v. State*, Okl.Cr., 510 P.2d 983 (1973), in which this Court upheld the following jury instruction:

" 'You are instructed that for the purpose of preserving the peace and to prevent crime, a peace officer . . . may make reasonable inquiry of persons coming under his observation or brought to his knowledge under circumstances which reasonably suggest that a crime has been or is about to be committed' . . ."

█ Then, after discovering the second person and the pistol in the car, the officer had probable cause to arrest both persons. See, *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), wherein the United States Supreme Court stated:

". . . Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information where sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. . . ." (Citations omitted)

And having made the arrest, it was proper to search the car. Since Officer Hadley had probable cause to arrest the defendant for

the crime of armed robbery, and since the crime had been committed only a few minutes before, the police also had probable cause to believe that the fruits of the crime could be found in the car. Thus, under the exigent circumstances the search of the vehicle was lawful without a warrant. Compare, *Wilson v. State*, Okl.Cr., 508 P.2d 718 (1973); *Duke v. State*, Okl.Cr., 548 P.2d 230 (1976).

Therefore, we hold that the trial court acted properly in overruling the defendant's motion to quash the arrest and suppress the evidence. The judgment and sentence is *AFFIRMED*.

BLISS and BRETT, JJ., concur.