**Leroy RICHMOND, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–614.**

Court of Criminal Appeals of Oklahoma.

March 15, 1977.

Carroll Samara, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Judge:

The appellant Leroy Richmond, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Oklahoma County, Case No. CRF–75–3194 of the crime of Attempted Robbery in the First Degree after Former Conviction of a Felony. Punishment was assessed at a term of twenty-five (25) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in accordance with the verdict the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Mrs. Roberta Martin testified that between 11:00 a. m. and noon on August 21, 1975, she saw the defendant at Otwell's Grocery Store in Oklahoma City where she and her son were cashing a check for approximately $350.00. As she placed the cash in a paper bag she noticed the defendant was watching. The defendant also cashed a check. Sometime later the witness was waiting in the front seat of her car while her son ran errands and noticed the defendant passing back and forth in front of the car and looking at her. Finally the defendant came over and struck up a conversation which lasted for approximately forty minutes. The defendant, who the witness described as wearing a false mustache and a wig, then reached through the car window and began beating her about the head and body in an attempt to grab the paper bag. The witness began to scream and some men from the neighborhood began running toward the car and the defendant ran.

Oklahoma City Police Officer James Miller then testified that he received the report of the attempted robbery at approximately 2:30 p. m. and that Mrs. Martin told him

that the incident occurred around 2:10 p. m. After receiving a description of the assailant from Mrs. Martin, Miller proceeded to the grocery store and looked through the checks which had been cashed that day. He found a payroll check from Beverly's Restaurant made payable to the defendant and called the restaurant to obtain the defendant's address. The woman who answered the phone told the officer that the defendant had picked up his check at approximately 11:00 that morning and that she had not seen him since that time. Miller then went to the defendant's residence and arrested him since he fit Mrs. Martin's description.

Nathaniel Gulley then testified that he was employed at a service station near where· the altercation occurred and heard Mrs. Martin's screams. However, he did not see the assailant. The state then rested.

The first defense witness was Randolph Shaw who testified that he was a co-owner and general manager of Beverly's Restaurant and was at the restaurant on the day in question between 10:30 a. m. and 1:30 p. m. He further testified that the defendant was employed as a cook and co-ordinated all orders for other cooks. He then identified the defendant's time card, which reflected that he checked in at 5:57 a. m. and out at 2:00 p. m., and stated that he saw the defendant at the restaurant between 10:30 and 1:30 on the 21st. He further stated that he was certain that he would know if the chief fry cook left during the lunch rush and that to his knowledge the defendant did not leave. He further stated that the day shift employees were not allowed to pick up their checks until they checked out and that the 21st was pay day.

The defendant then testified that he had worked for Beverly's for two years, was not permitted to leave while at work and did not leave work on the 21st until he clocked out at 2:00 p. m. He further stated that he never had a mustache or wig, that he cashed his payroll check at Otwell's Store at approximately 2:30 p. m. on the 21st and that he had never seen the prosecuting witness or her son before he was arrested. He

further stated that he had prior convictions, the last being in 1966, and that he was still on parole. The defense then rested.

The state then called as a rebuttal witness Harlan Martin, son of the complaining witness. Martin testified that he saw the defendant at Otwell's Store at approximately 11:00 a. m. when his mother cashed a check. The defendant also cashed a check. Martin further testified that he later saw the defendant beat his mother while she was waiting for him in the car and that he tried to catch the defendant but he escaped. On cross-examination the witness stated that the defendant did not have a mustache on the day of the attack. Both parties then rested. The jury returned a guilty verdict.

The defendant's sole assignment of error contends that the verdict and judgment were contrary to the law and the evidence in that the evidence did not support the finding of guilt and was contrary to and in disregard of the instructions of the Court concerning proof of guilt beyond a reasonable doubt.

In *Mitchell v. State,* Okl.Cr., 467 P.2d 509, this Court, citing *Williams v. State,* Okl.Cr., 373 P.2d 91, and other Oklahoma cases held as follows:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

In the instant case there was an obvious sharp conflict in the evidence and the jury made its determination. There was competent evidence to support the verdict and this Court will not disturb same. The defendant's assignment of error is meritless.

From an examination of the record as a whole, it is the opinion of this Court that the defendant received a fair and impartial trial before a jury, that no fundamental

right of the defendant was prejudiced and that the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED*.

BUSSEY, P. J., concurs.

BRETT, J., dissents.