Charles William KIMBLE, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-533.

Court of Criminal Appeals of Oklahoma.

Oct. 31, 1979.

Stanley D. Monroe, Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Timothy S. Frets, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Charles William Kimble, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–77–2279, for the offense of Robbery With Firearms, in violation of 21 O.S.Supp.1973, § 801. His punishment was fixed at ten (10) years' imprisonment. An appeal from this judgment and sentence has been perfected to this Court.

In the two errors raised on appeal, defendant alleges that an incriminating statement made by him was the direct result of an illegal arrest, and consequently inadmissible, and that the evidence was insufficient to support the verdict. We will consider the sufficiency of the evidence initially.

At the non-jury trial, defendant stipulated that the trial court could consider testimony given at the preliminary hearing and on the motion to suppress. Anthony Dewayne James testified that on August 25, 1977, he was employed as a cook at a Pizza Hut Restaurant in Tulsa County. Shortly before midnight he was awakened when a male wearing a ski mask began kicking him in the head. The man threatened him with a pistol, demanding that he open the cash register and sack the money. The witness complied and the robber left with the cash.

Investigator R. C. Morrison testified that he had received information of Kimble's participation in certain robberies from Kimble's wife, alleged accomplice Tony McClelland and Lewis Busby, a victim of a residential armed robbery. Busby told Officer Morrison that the defendant had admitted involvement in several robberies, one of which was of the Pizza Hut. McClelland told the officer that defendant had set up the Busby robbery.

When Detective Morrison went to McClelland's house to execute a search warrant following the arrest of McClelland for his participation in the Busby robbery, McClelland's wife told him that the stolen property was in the trunk of her car. However, the car was not there because the defendant had driven it to a funeral. She directed the officer to an uncle's house, where the defendant had gone following the funeral. When Morrison found defendant at the uncle's house, he asked him to get into the police unit and advised him of his constitutional rights. At that time, defendant executed both a search waiver and a rights waiver. The car he had driven was searched and property taken from the Busby robbery was recovered. Defendant was taken to the police station where he waived his rights a second time before giving a detailed written statement admitting his participation in the armed robbery of a Pizza Hut on June 28, 1977. Except for the difference in dates, that statement was consistent with the testimony of the Pizza Hut cook.

■ In his allegation that the evidence was insufficient to sustain the conviction, defendant urges that the State failed to prove the corpus delicti in that the victim testified that the robbery occurred on August 25, 1977, wherein defendant's confession relates to a robbery which occurred on June 28, 1977. At the preliminary hearing, the State made an offer of proof that if Anthony Dewayne James was recalled he would testify that he was mistaken in his prior testimony and that the date of the offense was actually June 28, 1977. Although this testimony was rejected by the committing magistrate because the witness had violated the rule of sequestration, he properly found sufficient evidence to establish probable cause. The evidence supported the verdict, particularly in light of the date given by the defendant in his confession, which was properly admitted by the Court.

■ Additionally, the defendant contends that the trial court erred in admitting his incriminating statement because it resulted from an illegal arrest. Defendant argues that the record lacked evidence that there was probable cause for the officer to arrest him. As the facts indicate, Officer Morrison had received information from four persons that defendant had committed one or more felonies. The facts and circumstances

within his knowledge were clearly sufficient for him as a prudent person to believe that defendant had committed or was committing a felony. See *Greene v. State*, Okl. Cr., 508 P.2d 1095 (1973) and *Duke v. State*, Okl.Cr., 548 P.2d 230 (1976). Since the warrantless arrest was valid, the subsequent voluntary statement given by the defendant was clearly admissible.

The judgment and sentence is *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.