Joel Wesley NEALY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–235.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1981.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Scott Fern, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Joel Wesley Nealy, hereinafter referred to as the defendant, was convicted in the District Court of Cotton County, Case No. CRF–79–45, for the offense of Robbery with a Firearm, in violation of 21 O.S.Supp.1980, § 801. He was sentenced to ten (10) years' imprisonment. At the same trial, the defendant was convicted in Case No. CRF–79–49 for the of-

fense of Larceny of an Automobile, in violation of 21 O.S.1971, § 1720. He received a five (5) year term to run consecutively with the former ten (10) year sentence. The defendant was found innocent of a third charge: Assault and Battery, Case No. CRF–79–51; in violation of 21 O.S.1971, § 642. From such judgments and sentences, the defendant brings this appeal.

On June 22, 1979, the defendant and Samuel Townsoner robbed a service station in Walters, Oklahoma. Through the use of a pistol, they were successful in forcing the station employees to unlock the cash box and surrender two hundred seventy-three dollars ($273.00). After committing the robbery, Townsoner took the keys to the station's truck, and, with the defendant driving the stolen vehicle, the two men soon arrived at the Texas-Oklahoma border. At the border the confederates were confronted by Texas police officers who had received notification, via radio bulletin, about the robbery. Since the vehicle matched the description given by the radio broadcast, the officers decided to investigate. As they moved toward the vehicle, officer Salyer testified that he saw an object being thrown from the driver's side of the truck. The discarded object was retrieved and was identified as a luger-type gun. Having probable cause to believe the defendant and Townsoner were the robbers, Salyer took both men into custody. Prior to impounding the vehicle, two Texas officers searched the truck without a warrant and discovered a sack under the defendant's truck seat which contained a quantity of currency and some .22 caliber shells. This evidence was admitted at trial.

For purposes of this appeal the defendant's assignments of error will be considered in the order in which they actually occurred.

■ Initially the defendant argues that the district court's instructions authorized conviction for a crime not charged in the information. It is alleged that the information only contains the elements necessary to convict the defendant of Robbery by Force or Fear, and that the judge gave instructions which allowed the jury to find the defendant guilty of Robbery with a Firearm. Customarily, if there is a defect in the information, it is the defendant's responsibility to file a demurrer or motion to quash at the trial stage. Failure to do so waives any defect in the information except where the court has no jurisdiction over the subject matter. *Wright v. State*, 505 P.2d 507 (Okl.Cr.1973). Here the defendant's motion to quash totally fails to attack the sufficiency of the information. The defendant also failed to properly preserve this issue in that it is not included in his motion for new trial or petition in error. Nonetheless, the information was sufficient to confer jurisdiction upon the trial court.

■ The tests in this state for the sufficiency of an information are: 1) Whether the defendant was in fact misled by the information; and, 2) Whether it would expose the defendant to the possibility of subsequently being put in jeopardy a second time for the same offense. *Williams v. State*, 579 P.2d 194 (Okl.Cr.1978). The record reflects that the defendant was well aware of the charges against which he had to defend. It is also certain that the information contained a sufficiently specific description of the crime charged so as to preclude the possibility of the defendant being placed in double jeopardy. See, *Fish v. State*, 505 P.2d 490 (Okl.Cr.1973). The test for the sufficiency of an information must be determined on the basis of practical rather than technical considerations; hair-splitting is to be avoided. *United States v. Moore*, 556 F.2d 479 (10th Cir. 1977). Applying this reasoning, we hold that the defendant was adequately advised in the information of the precise charge levied against him.

The defendant next argues that the trial court committed reversible error in ruling that if he testified prior criminal conduct could be used to impeach his testimony.

■ Shortly before trial on the present charge, the defendant was found guilty of a felony; however, by the time the instant case came to trial, he had not yet appeared

before a judge for final judgment and sentencing. The defendant argues that 12 O.S. Supp.1980, § 2609, states that the testimony of a person can be impeached by admitting evidence which shows that the witness has been *convicted* of a crime. (Emphasis ours) Since his final judgment and sentencing had not occurred at the time of trial, the defendant claims that he was not yet "convicted" of a crime. Thus, he argues that his motion in limine, requesting the judge to disallow such questions in the event he decided to take the stand, should have been granted. The defendant's motion was rejected, and he chose not to take the stand in his own defense.

■ This issue is not properly before this Court. The defendant not only failed to raise this issue in his motion for new trial or petition in error, but he failed to contest at trial the judge's ruling on his motion in limine. If the defendant desired to contest the judge's ruling, he should have taken the stand and objected when the State began to impeach his testimony by asking questions concerning past criminal conduct. The defendant's decision to remain silent was a tactical choice that precluded the issue from being brought before this Court. A ruling on a motion in limine is merely advisory and not conclusive. To properly preserve the issue contained in such a motion, the proposition must be introduced at trial, and if overruled, objections should occur at that time. *Teegarden v. State*, 563 P.2d 660 (Okl.Cr.1977).

The defendant further argues that reversible error occurred when the judge failed to grant the defense counsel's request to suppress evidence, which he claims was illegally obtained at the scene of an unlawful arrest.

■ The officers had probable cause to arrest the defendant and Townsoner in that they had received a radio bulletin which described in detail the robbery suspects and the stolen vehicle. It is well established that the basis for an officer's belief that a suspect has committed a crime can come from outside sources, i.e., a radio bulletin. *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct.

1031, 28 L.Ed.2d 306 (1971); *Williams v. State*, 561 P.2d 570 (Okl.Cr.1977); and, *Bowen v. State*, 606 P.2d 589 (Okl.Cr.1980).

■ In respect to the evidence derived from the arrest, the discarded gun is admissible under the abandonment doctrine of *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), or the plain view doctrine. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The sack was legitimately seized in that there was probable cause to arrest the defendant and Townsoner for armed robbery; thus, there was probable cause to search the truck for guns or stolen money. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The defendant claims that even if the sack was legitimately seized, once the officers had it in their custody, no exigency was present, and, absent a warrant, its opening was unconstitutional. This argument has no merit. The United States Supreme Court has ruled that the scope of a search allowed incident to a lawful custodial arrest of persons apprehended in an automobile includes the vehicle's entire passenger area. Moreover, the police may also examine the contents of any containers found therein. *New York v. Belton*, —— U.S. ——, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Thus, having made a proper arrest of the defendant in the truck, the seizure and subsequent search of the sack from under the driver's seat was legitimate; accordingly, evidence derived from such a search was properly admitted. This assignment of error is without merit.

■ The defendant also insists that the prosecutor's closing argument inferred that he would commit additional crimes and thus was highly prejudicial. This proposition is not properly before this Court. Errors, concerning the prosecutor's remarks are deemed waived if the defense counsel fails to raise an objection at trial. *Marshall v. State*, 551 P.2d 291 (Okl.Cr.1976). Here, the defendant did not object nor did he raise the issue in his motion for new trial.

A fair reading of the record indicates that the comment of the prosecutor was not grossly improper or clearly prejudicial, and, absent such a showing, that error is not reversible. *Turpen v. State*, 89 Okl.Cr. 6, 204 P.2d 298 (1949).

 In his last assignment of error the defendant insists that the district court's instructions erroneously removed an element of robbery from the jury's consideration. This issue is not properly preserved for review. After the interlineation was made, the amended instruction was read to the jury. The defendant was knowledgeable of the change, but failed to object at that time. In his motion for a new trial, the defendant also failed to object to the sufficiency of the instructions. It has been consistently held by this Court that if the defendant makes no objection at trial to an instruction, nor raises it in his motion for new trial, such failure to object constitutes a waiver and the issue cannot be raised for the first time on appeal. *Provo v. State*, 565 P.2d 719 (Okl.Cr.1977). *United States v. Marx*, 485 F.2d 1179 (10th Cir. 1973). We note that the instructions, taken as a whole, are sufficient. Instructions are not to be viewed in isolation, but must be considered as a unit. After such consideration, if the totality of the instructions fairly and correctly state the law applicable to the case, such instructions are sufficient. *Hutson v. State*, 550 P.2d 969 (Okl.Cr.1976). Finding that satisfactory instructions were given, the defendant's argument is without merit.

In addition to Robbery with Firearms, the defendant was charged and convicted of Larceny of an Automobile, however, the judgment and sentence incorrectly states that the defendant was convicted of Unauthorized Use of an Automobile. Therefore, finding no merit in the errors alleged by the defendant that would warrant reversal or modification, the judgments and sentences are AFFIRMED and the case is remanded to the trial court with directions to correct the erroneous judgment and sentence so that it complies with the true trial verdict.

BRETT, P. J., and CORNISH, J., concur.