JOHN TRIMBLE, G. W. JONES, AND F. N. TRIMBLE v.
TERRITORY OF OKLAHOMA.

(Filed September 3, 1904.)

CRIMINAL PROCEDURE—Warrant—Preliminary Examination. The
original complaint made in a criminal proceeding for the arrest and
examination of an alleged offender and warrant of arrest may
charge one offense, and the defendant may be bound over for an-
other, if it shall appear on the examination that he is guilty of a
public offense triable on indictment, other than that charged in the
complaint and warrant.

(Syllabus by the Court.)

*Error from the District Court of Kiowa County; before
F. E. Gillette, Trial Judge.*

*J. A. Powers* and *Cotteral* and *Hornor,* for plaintiff in
error.

*J. C. Robberts, Attorney General,* and *C. H. Woods,
Assistant,* for defendant in error.

STATEMENT OF FACTS.

An action commenced by the defendant in error against
plaintiffs in error in the district court of Kiowa county upon
a forfeiture of recognizance; demurrer to the petition overrul-
ed; exceptions by plaintiffs in error; judgment for defend-
ant in error; plaintiffs in error appeal and bring case here by
petition in error and transcript.

Opinion of the court by

BEAUCHAMP, J.: On the 29th day of November, 1901, there was filed in the probate court of Kiowa county, the following complaint:

"The above named defendants, John Trimble, William Short, John Doe, whose real name is unknown, and Richard Roe, whose real name is to affiant unknown, are hereby accused of the crime of stealing a steer, being a domestic animal within the meaning of chapter 20 of the acts of the Oklahoma legislature of 1895, for that in Kiowa county, and in the Territory of Oklahoma, on the 15th day of October A. D. 1901, did they the said John Trimble, William Short, John Doe, whose real name is unknown, and Richard Roe, whose real name is to affiant unknown, then and there being, then and there did feloniously, wilfully and unlawfully steal, take and carry away one red steer about three years old and branded "DDD" on the left side, the property of one D.Wagner & Son, and of the value of thirty five dollars with the felonious intent on the part of them, the said John Trimble, William Short, John Doe and Richard Roe to appropriate the same to their own use and benefit. Contrary to the form of statute in such cases made and provided and against the peace and dignity of the Territory of Oklahoma."

Thereupon a warrant was issued, Trimble was brought before the probate court and waived examination, and the following findings were made and endorsed on the back of the information:

"There being no sufficient cause to believe Mr. Short guilty of the offense within mentioned, I order him to be discharged this 27th day of Dec. 1901.

"HARRIS FINLEY,
"Probate Judge."

"It appearing to me that the offense in the within (this) information grand larceny has been committed and that

there is sufficient cause to  believe the within  named John
Trimble guilty thereof, I order that he be held to answer the
same and that he is admitted to bail in the sum of one thous-
and dollars ($1000.) and be committed to the sheriff of the
county of Kiowa, Territory of Oklahoma, until such bail be
given and the bond is given in the above sum and approved by
the court.   It is hereby ordered that the sheriff release John
Trimble from his custody to await action of the grand jury.

"HARRIS FINLEY,

"Probate Judge."

Bail as required was given by John Trimble with F. M.
Trimble and G. W. Jones as sureties.   The bail bond was in
the usual and ordinary form and provided that if the said
John Trimble should personally be and appear before the
district court and grand jury in and for the said county of
Kiowa, on the first day of the next term of said court "then
and there to answer a charge brought against him in said
court for the crime of grand larceny" the obligation should be
void; otherwise to remain in full force and effect.   At the
next term of the district court of that county the grand jury
returned an indictment against John Trimble, the defendant,
and Trimble failed to appear as required by the terms of the
bond, and a forfeiture was taken.   Thereupon this action was
brought in the district court of Kiowa county against the
sureties on the bond to recover the penalty therein.   The de-
fendants demurred to the petition upon the ground that it
did not state facts sufficient to constitute a cause of action,
and the demurrer being heard was by the court overruled and
exceptions allowed.   Plaintiffs in error electing to stand upon
their demurrer and refusing to further plead, judgment was
rendered against them as prayed in the petition, from which
judgment plaintiffs in error appeal and bring case here upon

petition in error. Attached to the petition, as exhibits, in the court below, were copies of the complaint upon which the warrant of arrest was issued and Trimble arrested, the appearance bond, and all of the proceedings in the district court under which the bond was forfeited, all of which were made a part of the petition.

There are only two assignments in the petition in error:

"That said court erred in overruling the demurrer to the petition of the said Territory of Oklahoma: and that said court erred in not rendering judgment for the plaintiff in error."

The only contention of plaintiffs in error in their brief is that the obligation in the bond was that the defendant ,Trimble should appear before the district court of Kiowa county, then and there to answer a charge brought against him in said court for the crime of "grand larceny," while the only charge against him was that contained in the complaint, which charged him with the crime of stealing a domestic animal within the meaning of chapter 20 of the laws of Oklahoma of 1895; and that inasmuch as there was no crime of grand larceny for the principal in the bond, Trimble, to answer to, there could have been no forfeiture of a bond so conditioned. As will be seen, the contention is an alleged variance in the description of the crime in· the bond from the description in the petition of the defendant in· error, plaintiff in the court below.

By reference to section 5239, Wilson's Statutes, it will be found that when an information is laid before a magistrate of the commission of a public offense, he must, if satisfied that the offense complained of has been committed and that there is reasonable ground to believe that the defendant

has committed it, issue a warrant of arrest. and by section 5241, the warrant must specify the name of the defendant, if known, and must also state an offense in respect to which the magistrate has authority to issue the warrant, the time of issuing it, and the county, city, town or village where it is issued, and must be signed by the magistrate with his name of office. And by section 5245 it is provided if the offense charged in the warrant be a felony, the officer making the arrest must take the defendant before the magistrate who issued the warrant or some other magistrate in the county. By section 5280 it is provided the magistrate must without a jury, immediately after the appearance of the defendant and his counsel, proceed to examine the case. The defendant may be sworn and testify in his own behalf as in civil cases. By. section 5291,

"If however, it appears from the examination that any public offense triable on indictment has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the information an order signed by him to the following effect:

"It appearing to me that the offense, in the within (named) information (or any other offense, according to the fact, stating generally the nature thereof,) has been committed, and that there is sufficient cause to belieue the within named A. B. guilty thereof, I order that he be held to answer the same."

Provision is also made for bail in case the offense is bailable.

As will be seen by the provisions of section 5246, *supra*, upon the defendant being brought before the magistrate, the magistrate shall proceed to hear the statement of the defendant and examine the case, and by the provisions of sec-

tion 5291 *supra*, if it appear from the examination that any public offense triable on indictment has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must endorse upon the information an order signed by him to the effect that the offense named in the information has been committed, or some other offense, stating generally the nature thereof, and that there is sufficient cause to believe the defendant guilty, and order that he be held to answer the same. By the language of the statute he is not confined to the offense alone charged in the information, or even in the warrant, but to the offense which he finds upon examination has been committed, and that is what was done in this case. The record discloses that when the defendants named in the complaint and warrant were brought before the magistrate that one of them was discharged, and that the other, John Trimble, was held to answer to the charge of grand larceny, and that is the offense recited in the bond. If the defendants charged desired to attack the sufficiency of the complaint, they should have done so at the time of the preliminary examination before the magistrate.

Counsel for plaintiffs in error in their brief have cited a number of authorities where there was a variance between the offense recited in the bond and that charged in the information or indictment, and where no particular charge was inserted in the bond, and in cases upon appeal after conviction based upon statutes which require the appeal bond to recite the identical offense upon which the appellant was indicted or convicted, and also in cases where defendants were bound over for one offense and bond given to cover the appearance for that offense and the defendants were subse-

quently indicted for what appeared to be another offense. Such cases can have no bearing upon the question under discussion, for in this case the magistrate held John Trimble to answer to the charge of grand larceny, and the bond recited the charge for which he was held to answer. This was not only proper, but in strict conformity to the provisions of the statute in such cases. The judgment of the district court of Kiowa county is therefore affirmed, with costs to plaintiffs in error.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.