**Jerry Ray WEBSTER, Petitioner,**

v.

**The DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, and Honorable Clarence Mills, District Judge, Respondents.**

**No. A–15895.**

Court of Criminal Appeals of Oklahoma.

June 24, 1970.

David C. Shapard, Oklahoma City, for petitioner.

Curtis P. Harris, Dist. Atty., Clinton D. Dennis, Asst. Dist. Atty., for respondents.

PER CURIAM:

This is an original proceeding in which Jerry Ray Webster by counsel, David C. Shapard, has petitioned for a writ of mandamus to direct the respondent court and judge to refrain from trying petitioner in Case No. CRF 69–2595, which has been set for trial in the District Court of Okla-homa County. A Rule to Show Cause was issued by this Court and set down for hearing before the Court Referee on March 11, 1970, with further proceedings in the District Court stayed pending final determination of petitioner's application.

It appears that petitioner was charged by Information with the crime of embezzlement by an employee, filed September 26, 1969, with the Clerk of the District Court as Case No. CRF 69–2324. Said cause came on for preliminary examination on October 28, 1969, at which time the examining magistrate, Special Judge Jack Thorne, entered an order sustaining a demurrer, dismissing the cause, and discharging the defendant. On the following day, October 29, 1969, the district attorney refiled the same charge by Information filed with the Clerk of the District Court as Case No. CRF 69–2595. On November 19, 1969, said cause came on for preliminary examination at which time the examining magistrate, Special Judge Stewart Hunter, entered an order stating in part that:

> "* * * the charge of Embezzlement by Employee is not sustained by the evidence, but that the charge of Obtaining Money Under False Pretense is sustained by the evidence and the court orders the defendant held for further District Court action on the charge of Obtaining Money Under False Pretense. * * *"

An amended Information was then filed by the district attorney's office with the Clerk of the District Court in Case No. CRF 69–2595 (by withdrawing the originally filed Information) charging the crime of Obtaining Money Under False Pretense which was then set down for trial. Petitioner's motion in the district court to dismiss and to grant a preliminary examination was denied.

In urging mandamus by this Court, petitioner first contends that the dismissal of the cause at preliminary examination in Case No. CRF 69–2324 on October 28, 1969, by Judge Thorne is a bar to refiling or further prosecution on the same charge by virtue of 22 O.S.1961, § 508, and secondly, contends that holding petitioner for trial

on the amended Information in Case No. CRF 69–2595, charging Obtaining Money Under False Pretense denies the constitutional requirement of a preliminary examination before trial on a felony charged by Information, Oklahoma Constitution, Article II, Section 17.

 Regarding petitioner's first contention, it is noted that 22 O.S.1961, § 508, makes the sustaining of a demurrer a bar to further prosecution without the court's permission to refile after the defendant has been held to answer in the trial court by an examining magistrate after a preliminary examination. Said statute does *not pertain to the sustaining of a demurrer* by an examining magistrate at a preliminary examination. See this Court's opinion in Nicodemus v. District Court (A–15,870), 473 P.2d 312. Thus, there was no bar to refiling the same charge in the instant case.

Regarding petitioner's second contention, we note 22 O.S.1961, § 264, which provides:

"If, however, it appears from the examination that any public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the complaint an order signed by him to the following effect:

"It appearing to me that the offense named in the within complaint mentioned (*or any other offense,* according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A.B. guilty thereof, I order that he be held to answer the same." (emphasis added)

This provision was interpreted by the Supreme Court of Oklahoma in the early case of Trimble v. Territory, 15 Okl. 620, 86 P. 64 (1904) as follows:

"By the language of the statute he [the examining magistrate] is not confined to the offense alone charged in the information, or even in the warrant, but to the offense which he finds upon examination has been committed; * * *" 86 P., at 65.

In the *Trimble* case the complaint before the examining magistrate charging the offense of "stealing a steer" was discharged, but the defendant was held for trial by the examining magistrate's order for the offense of grand larceny.

Likewise, this Court held in Filler v. State, 23 Okl.Cr. 282, 214 P. 568 (1923):

"An examining magistrate may hold the accused for trial for the offense originally charged, or for any other offense, as the facts may warrant."

Said ruling has not thus far been overruled, and nothing is offered herein that would require a re-examination of the *Filler* holding and the announcement of a contrary rule.

The Court therefore holds that if petitioner was properly committed to the trial court as provided in 22 O.S.1961, §§ 268 and 269, under the facts as herein stated, there would be no basis for the granting of a writ of mandamus to prevent the trial of petitioner in the District Court in Case No. CRF 69–2595. Accordingly, the application for a writ is hereby denied.