**Melvin DELODGE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–18045.**

Court of Criminal Appeals of Oklahoma.

April 25, 1973.

Jack De McCarty, Newkirk, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Melvin Delodge, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Kay County, Oklahoma, for the offense of Assault and Battery with a Dangerous Weapon. His punishment was fixed at five (5) years in the State Penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on July 27, 1972, around 6:00 p.m., defendant and Roland NoEar met on the corner of a street in the business section of Ponca City, Kay County, Oklahoma. Roland NoEar testified that, although he did not know defendant, he said "Hello" and continued on past defendant. As he passed, NoEar felt as if he had been slapped or hit on his left side. When he turned around the defendant was muttering and cursing. NoEar saw a knife blade in the defendant's hand, and defendant was swinging again. Mr. NoEar then testified that defendant stabbed him in the arm after which NoEar reached for a blackjack in his back pocket and fought off defendant. Defendant ran, and NoEar flagged down a passing patrol car. NoEar was then taken to a local hospital where he was treated for stab wounds in his left side and arm.

Jim McQuire, a Ponca City police officer, then testified that at approximately 6:00 p.m. on the date in question NoEar

flagged him down and advised him of the attack. The officer saw defendant run up an alley in the vicinity and gave chase. Defendant was caught, arrested and searched incident to the arrest. The officer found a paring knife with a three inch blade on defendant's person. There was blood on the knife blade, and defendant was intoxicated and belligerent.

Defendant took the stand in his own defense. He testified on direct examination that he had met Mr. NoEar on occasions and, at the time in question, NoEar had become abusive and insulting when defendant had refused to tell NoEar his name and had started to walk off. Defendant further testified that NoEar then said "Hey, punk, what is your name?" and started reaching for his back pocket. Defendant then testified he didn't know what NoEar had in his back pocket and started stabbing NoEar. Under further direct examination defendant testified as follows:

Q. "How come you pulled the knife?"

A. "I saw him reaching for his back pocket."

Q. "What did you think he had?"

A. "Because I saw many times people carry knifes in their back pocket."

Q. "You figure he had a knife, is that what you mean?"

A. "Yeou."

Under cross-examination defendant testified as follows:

Q. "Did you stab Mr. NoEar before he took a swing at you?"

A. "I think I stabbed him—I think so."

The prosecutor then began to question defendant concerning his prior convictions, all of which defendant admitted. Under further cross-examination defendant then admitted that he wasn't afraid of NoEar, that he cursed NoEar and that he went toward him and stabbed him.

Defendant in his first proposition urges that the cross-examination of defendant as to his prior convictions was highly prejudicial and constituted reversible error since defendant had already admitted the acts for which he was charged.

The record reflects that there was a conflict in the testimony of Roland NoEar, and the testimony of defendant concerning who made the first belligerent move and that the conflict was apparent at the time the prosecutor began to cross-examine defendant concerning his prior convictions. Title 12 O.S.1971, § 381 provides:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or *conviction may be shown for the purpose of affecting his credibility.*" (emphasis added.)

■ A defendant in a criminal prosecution is subject to cross-examination the same as any other witness and may be interrogated with reference to his prior convictions for the purpose of affecting his credibility. Kennedy v. State, Okl.Cr., 443 P.2d 127 (1968), Gable v. State, Okl.Cr., 424 P.2d 433 (1967). However, reference to a remote, unrelated conviction many years back may constitute error. McDonald v. State, Okl.Cr., 489 P.2d 776 (1971).

■■ In the instant case there was sufficient testimony by defendant prior to his cross-examination concerning prior convictions to require the trial court to instruct on the defense of self defense. The prosecutor therefore had the right and duty to attack defendant's credibility. The prior convictions were not too remote in time, the perjury conviction occurring in 1970. Therefore, for the reasons set out above defendant's first proposition is without merit.

■ Defendant in his second proposition urges that the sentence is excessive and should be reduced by the Court. With this contention we do not agree. The evidence overwhelmingly supports a conviction for the crime of assault and battery with a

dangerous weapon. The five year sentence, being within the range provided by law, was not excessive, does not indicate bias and prejudice and does not shock the conscience of the Court. The issues were fairly presented to the jury, and defendant received a fair and impartial trial. Defendant's second proposition is therefore without merit.

The verdict and judgment appealed from is, accordingly, Affirmed.

BRETT, and BUSSEY, JJ., concur.