**John Wesley TAYLOR, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–720.**

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1975.

Rehearing Denied Feb. 26, 1975.

Bill Barksdale, Rainey & Barksdale, Okmulgee, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jeannette Haag, Legal Intern, for appellee.

## OPINION

**PER CURIAM:**

John Wesley Taylor, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Okmulgee County, Case No. CRF–74–42, for the offense of Burglary, Second Degree, After Former Conviction of a Felony (21 O.S.1971, § 1435). Punishment was fixed at ten (10) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at trial indicated that Officer Willie Jones of the Okmulgee Police Department was conducting a routine check of the Dillsaver-Vernon Feed Store located in Okmulgee when he heard noises from within. Investigation revealed that a screen had been torn off and a window broken out with two suspects being visible in the building. Patrolman Jones placed a call for help and Officers Perry Rickman and Herbert Hathaway responded to the call. The officers posted themselves around the building until Mr. W. S. Dillsaver arrived to open the building for the officers.

Testimony indicated that once inside the building the officers discovered that the hinges had been knocked off the company safe and on the floor near the safe they discovered a screwdriver, hedgecutters, an ice pick, a crowbar and a sledgehammer.

Officer Herbert Hathaway testified that he responded to the call for assistance by Officer Jones and took up a position on the south side of the building. He indicated that he observed a party who was identified as Harold Ray Alexander leaving the building. He stated that he stopped Alexander and placed him in the patrol car.

Officer Perry Rickman testified that once inside the building he turned on the lights in the back of the building and a party, whom he identified as the defendant, stated, "I'm coming out." Officer Rickman stated the defendant did come out and he was arrested at that time.

Officer Willie Jones identified the defendant as the party whom he had seen when he first looked through the window upon his arrival at the Dillsaver-Vernon Feed Store.

W. S. Dillsaver testified that he was part owner and operator of the Dillsaver-Vernon Feed Store and that he had given no one permission to enter the building during the night of January 21, 1974, nor the early morning hours of January 22, 1974. He further stated that when he had left that building on January 21, he had checked all doors and windows to insure that they were locked. Dillsaver stated that a 10 key adding machine, a portable typewriter and some coins that had been in

his desk were missing from the building. He further identified State's Exhibit No. 7 as being like the coins that had been in his desk. He identified one coin as having been in his desk as it had a distinct mark on it. He also identified the defendant as the party brought from the back portion of his store by Officer Perry Rickman.

Detective Captain Fred Baker of the Okmulgee Police Department testified that he was on duty during the early morning hours of the 22nd of January, 1974. He further testified that he placed the coins that were identified as State's Exhibit No. 7 in an envelope after receiving them directly out of defendant's property.

The defendant testified that he had former felony convictions for robbery by force and for burglary. He admitted that he was the party who was arrested inside the Dillsaver-Vernon Feed Store on January 22, 1974. He stated that on January 21, he, along with Harold Ray Alexander, had been drinking beer and smoking marihuana with three or four other males and two or three women. He stated that Alexander left shortly after midnight and upon his return requested the defendant accompany him to retrieve his tools from the Dillsaver-Vernon Feed Store. He stated that Alexander first went in and then held the screen for him to enter. Once inside the building he spotted the patrol car of Officer Willie Jones. He stated that he then ran to the back of the building. He further stated that he did not help take the screen down and the glass was broken out when they arrived. He also testified that the money he had in his possession had been given to him by Alexander after Alexander had returned to request his assistance.

At the second stage of the proceedings in this matter, Detective Captain Fred Baker stated that he had known the defendant for seven or eight years and he identified State's Exhibit No. 8 as a judgment and sentence on the defendant for Burglary, Second Degree, from the District Court, Okmulgee County, dated November 17, 1972.

Defendant asserts as his first proposition that the trial court erred in overruling defendant's motion to quash the Information filed in this case as the State refiled an Information which contained the same basic offense but a different former conviction.

The record indicates that defendant was first charged in Case No. CRF–74–18 differing from the instant case only in that a different former conviction was asserted. This case was dismissed and the State quotes the record in CRF–74–18 without refutation from the defendant as follows:

"The State appears by W. R. Fulton, Assistant District Attorney. Defendant appeared in person and by his attorney Bill Barksdale. State moved to dismiss for the reason that another case had been filed concerning the same crime. Motion granted, case dismissed."

Title 22 O.S.1971, § 815 provides:

"The court may either of its own motion or upon the application of the county attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes."

Title 22 O.S.1971, § 817 provides:

"An order for the dismissal of the action, as provided in this Article, is not a bar to any other prosecution for the same offense."

■ The only question as to this matter is whether the dismissal and refiling of this action is in compliance with the requirements of the Statute.

We are of the opinion that it is in compliance of the Statute and in the trial court's order there is a clear statement of the reason for dismissal.

■ Furthermore, the defendant was not in jeopardy at the time of the dismissal and such dismissal was not a bar to a sub-

sequent prosecution. Handley v. State, Okl.Cr., 422 P.2d 217 (1966).

As defendant's second proposition of error it is asserted that the trial court erred in allowing evidence of a prior conviction to be used to impeach the credibility of the defendant.

The record indicates that defendant's counsel first brought out prior conviction as follows:

"Q. Mr. Taylor we may as well go into this right now. Have you ever been convicted of a felony before?

"A. Yes I have.

"Q. Would you please tell us what the felony was?

"A. Robbery by Force and a Burglary.

"Q. What year were these two crimes committed?

"A. I'm not sure but I believe it was '69." (Tr. 69–70)

On cross-examination the District Attorney questioned the defendant without objection as follows:

"Q. Now for the purpose of touching on your creditability as a witness, let me ask you if you weren't convicted of a Burlary in the Second Degree and pleaded guilty and had an attorney on the 17th of November, 1972?

"A. Yes sir, I was.

"Q. And if you weren't convicted of Robbery and had an attorney and convicted by a jury of Robbery by Force on the 29th of November—or the 29th of September, 1970?

"A. Yes I was." (Tr. 82–83)

■ In Delodge v. State, Okl.Cr., 509 P.2d 685 (1973) this Court in responding to a similar allegation of error as to introduction of prior convictions stated the following:

"Title 12 O.S.1971, § 381 provides:

'No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility.'

"[1] A defendant in a criminal prosecution is subject to cross-examination the same as any other witness and may be interrogated with reference to his prior convictions for the purpose of affecting his credibility. Kennedy v. State, Okl.Cr., 443 P.2d 127 (1968), Gable v. State, Okl.Cr., 424 P.2d 433 (1967)."

■ Furthermore, where on direct examination, as in the instant case, defendant's attorney first questioned the defendant as to prior convictions and on cross-examination the prosecuting attorney questioned on these same prior convictions with no objections raised at the time of questioning, if any error existed, it was invited by the defendant and defendant did not properly preserve the record by timely objection. Briggs v. State, Okl.Cr., 484 P. 2d 1315 (1971).

We therefore find that this proposition of error is without merit.

Accordingly, the judgment and sentence in this matter is thereby, affirmed.