Madonna Lee **BRISTOW**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–81–32.

Court of Criminal Appeals of Oklahoma.

April 22, 1982.

Rehearing Denied June 16, 1982.

Bruce Peabody, Bartlesville, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Crim. Appellate Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant appeals her conviction for Second Degree Arson rendered in the District Court of Washington County. She was sentenced to five (5) years' imprisonment with three (3) years' suspended, and fined $10,000, with $5,500 suspended.

The appellant first contends the trial court erred when it failed to sustain her demurrer to the information. She claims it was too indefinite and therefore fatally defective.

■ The information as filed, however, sufficiently apprised her of the charges and neither misled nor exposed her to the possibility of being put in jeopardy a second time for the same offense. The trial court therefore properly overruled the demurrer. *See Williams v. State*, 579 P.2d 194 (Okl.Cr. 1978).

Next the appellant asserts the trial court erred in admitting other crimes evidence of the actual burning of her residence. The appellant was charged with procuring the burning of an unoccupied dwelling. At a pre-trial hearing, the defense stipulated that the appellant's home had been burned by State's witness Bob Whitson in the commission of arson. The court sustained the defense's motion in limine to the extent of excluding evidence of the fire's origin.

In this assignment the appellant complains of remarks made by the prosecutor in his opening statement regarding the extent of damages caused by the fire. She also cites other instances where testimony was elicited by the State which described the damages.

■ The court's ruling on the motion in limine did not preclude the State's opportunity to show the extent of damages to the house. The relevancy and materiality of evidence are matters within the sound discretion of the trial court. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979). We find no abuse of discretion in allowing evidence of the extent of damages where it was arguably probative of the appellant's intent and motive to collect insurance proceeds. *See* 12 O.S.1981, § 2404(B).

■ Moreover, to most of the testimonial evidence complained of, the defense failed to make timely objections and, therefore failed to preserve the alleged errors. *Teegarden v. State*, 563 P.2d 660 (Okl.Cr. 1977). At one point, however, the trial court did agree with the defense that the

prosecution was approaching violation of the pre-trial order and admonished the State. And, when the State introduced evidence that the fire was the result of arson, the trial court sustained the defense's objection. Although eliciting this evidence did violate the stipulation, it's reception by the jury did not unduly prejudice the appellant. Compare *Plumlee v. State*, 361 P.2d 223 (Okl.Cr.1961). Reversal is therefore not warranted under this assignment.

In her final assignment of error the appellant contends she was denied her right to speedy trial. She premises this assertion on the length of time between her initial arrest and her preliminary hearing.

The appellant had been arrested and arraigned on the second degree arson charge on July 18, 1979. Her preliminary hearing, which had been originally set for August 15, 1979, was continued until September 17, 1979, upon the State's motion. Thereafter, federal charges arising out of the same incident were filed against her. Because of this, the State moved to dismiss its case.

The federal indictment which had been returned against her, however, was dismissed on October 29, 1979. Two days later the State refiled its information on the original charges and the preliminary hearing was held on November 16, 1979.

■ To resolve the question of whether a defendant has been afforded his constitutional right to a speedy trial we balance together the following factors: the length of delay, the reason for the delay, the defendant's assertion of his rights, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Bauhaus v. State*, 532 P.2d 434 (Okl. Cr.1975). These factors are not absolute, but must be balanced together with other circumstances as may be relevant. *Jones v. State*, 595 P.2d 1344 (Okl.Cr.1979).

■ Clearly the time between the refiling and the preliminary hearing does not constitute a delay depriving the appellant of her right to speedy trial. The appellant urges us to find that an abuse of process resulted from the State's dismissal and re-

filing of the information. However, in *Jones v. State, supra,* we held that the three month delay occasioned by the State's dismissal and refiling of the information was not sufficient to deprive the defendant of his right to a speedy trial.

The record here demonstrates that the order granting the State's motion to dismiss because another case had been filed concerning the same crime complies with 22 O.S.1981, §§ 815 and 817. Compare *Taylor v. State,* 531 P.2d 1060 (Okl.Cr.1975). In construing those two sections, we have uniformly held that an order entered by the trial court dismissing the charge against an accused does not bar a subsequent prosecution under a new indictment or information, unless the defendant has been placed in jeopardy. *State v. Robinson,* 544 P.2d 545 (Okl.Cr.1975). The subsequent refiling of charges against the appellant, after dismissal of charges did not constitute double jeopardy, denial of due process, or denial of speedy trial. *See Lampe v. State,* 540 P.2d 590 (Okl.Cr.1975).

Absent a showing of bad faith on the part of the prosecution or prejudice to the accused, the relevant time to be considered would commence at the second arrest and refiling. *See State v. Rose,* 589 P.2d 5 (Ariz.1978); *State v. Fink,* 538 P.2d 1390 (Kan.1975). Here, the State presented a valid reason for the continuance and for dismissing the first information; there was no showing of a deliberate attempt to delay the trial in order to hamper the defense. And, although the defense asserted the right to a speedy trial, it appears from the record that the appellant was neither actually or appreciably harmed in her ability to defend herself. We therefore find no error.

The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., concurs in results.