**Robert Edward KAISER, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. C–83–196.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1983.

---

E. Alvin Schay, Appellate Public Defender, Norman, for petitioner.

No appearance by respondent.

## OPINION

BUSSEY, Presiding Judge:

Petitioner entered a plea of guilty to the charge of Murder in the Second Degree, in the District Court of Pittsburg County, Case No. CRF–82–228, and was sentenced to ten (10) years' imprisonment. The district court later denied petitioner's application to withdraw his plea of guilty, and he now petitions this Court for writ of certiorari.

Prior to trial, the district court heard arguments on a motion in limine filed by the State. The motion requested that no reference be made by either the petitioner or his witnesses to alleged sexual assaults by the deceased, the petitioner's father, on the petitioner's sisters and daughters. Defense counsel objected on the grounds that the motion was untimely presented, and that the alleged misconduct would serve as a basis for a defense of justifiable homicide. The trial court sustained the motion, ruling that the alleged misconduct was not connected in time with the homicide, nor a proper basis for the defense of justifiable homicide. The petitioner then entered a plea of guilty.

The trial court, complying with the guidelines for accepting a guilty plea set forth in *King v. State*, 553 P.2d 529 (Okl.Cr.1976), attempted to ascertain if the petitioner's plea was knowingly, voluntarily, and intelligently entered. On several occasions during the proceedings, however, the petitioner stated that he felt he was being coerced into pleading guilty, as he would not be allowed to call witnesses in his behalf. The trial court then explained why the State's motion in limine was sustained. The petitioner stated again that he felt he was being coerced. Whereupon the trial court ruled that the petitioner's plea was given involuntary, and ordered the matter to trial. At that point, the petitioner stated that he understood the trial court's ruling on the State's motion in limine, and the trial court accepted his plea of guilty.

The petitioner now asserts that his plea was not voluntary, as it was entered as a direct result of the trial court's incorrect sustentation of the State's motion in limine.

A ruling on a motion in limine is advisory and not conclusive. *Teegarden v. State*, 563 P.2d 660 (Okl.Cr.1977). An incorrect pretrial ruling is not grounds for reversal. Error occurs only when the matter arises during the course of the trial, and the trial court incorrectly permits or prohibits the introduction of the contested evidence.

*Tahdooahnippah v. State,* 610 P.2d 808 (Okl. Cr.1980).

█ When a motion in limine is sustained, the party seeking to introduce the evidence must, at trial, but out of the jury's hearing, make an offer of proof as to what the testimony would be in order to afford the trial court an opportunity to make a final ruling on the evidence. *Bowman v. State,* 585 P.2d 1373 (Okl.Cr.1978); cert. den., 440 U.S. 920, 99 S.Ct. 1243, 59 L.Ed.2d 471 (1979). Failure to follow the proper procedure for contesting a ruling on a motion in limine waives the issue for appellate review. *Bristow v. State,* 644 P.2d 118 (Okl.Cr.1982); *Nealy v. State,* 636 P.2d 378 (Okl.Cr.1981).

█ Once again we emphasize that after the petitioner stated he felt he was being coerced by virtue of the trial court's ruling, the matter was ordered to trial. The petitioner then stated that he understood the ruling, and desired to enter a plea of guilty. He further stated that he knew and understood his rights. We are of the opinion and therefore hold, that after having been advised of his constitutional rights in accordance with *King v. State,* supra, and while represented by counsel, the petitioner freely and voluntarily entered a plea of guilty with full knowledge of the nature and the consequences of said plea. Consequently, the trial court did not err in refusing to allow the petitioner to withdraw his plea.

The judgment and sentence rendered is hereby AFFIRMED.

CORNISH, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring:

After carefully considering the transcript of this case, I am convinced that the trial judge most properly handled appellant's plea and also properly denied its withdrawal. However, due to the unique nature of the facts of this case, appellant's counsel may want to consider the provisions of 22 O.S.1981, § 994, for further proceedings. Therefore, I concur in this opinion.