Tracy Scott **VANSCOY**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. F–84–301.

Court of Criminal Appeals of Oklahoma.

March 16, 1987.

Rehearing Denied April 15, 1987.

Fred Kramer, P.C., Duncan, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Tracy Scott VanScoy, was charged in the District Court of Stephens County, Case No. CRF–83–98, for two counts of Indecent Exposure. He was convicted by a jury, and his punishment was assessed at a term of one (1) year imprisonment for each count. The trial court ordered the sentences to be served consecutively. We affirm.

The State's complaining witness was a sixty-five year old woman who lived across the street from the appellant's residence. According to her testimony, on April 12, 1983, the appellant stood in the open doorway of his house, clad only in a robe. The appellant would thereafter allow his robe to fall away to the side, exposing his genitals. Appellant would then manipulate his genitals. According to the State's witness:

> [t]he defendant would take hold of his penis by the end of it and stretch it out like this and look at it and grin and then he would hold it up and look at it and grin, Then he would slap it. And at times he would raise up his leg and reach underneath and slap it underneath, and if a car would come down the street, he would turn sideways and pull his robe around and then just as soon as the car would go by he would turn around and face our windows, right directly in our windows, and there was no way that you could keep from seeing it.

The following day, at approximately the same time of day, the defendant again appeared in his doorway, again clad in his robe. He exposed himself, manipulated his penis, achieved an erection, and engaged in a thrusting motion as though he was having intercourse with the door facing. The State's witness observed this behavior and called police. The officers who arrived at the scene observed his conduct, and took several photographs of the appellant. These photographs were admitted into evidence at appellant's trial. Appellant was arrested later that afternoon.

At trial, several witnesses testified for the defense that they had been with the appellant on the two days in question. They said that he had been wearing a pair of jeans underneath this robe. The appellant also testified similarly on his own behalf. Upon cross-examination, the appellant examined the photographs admitted into evidence by the State. The appellant conceded that his genitals were exposed in the pictures, but that such exposure was unintentional.

### I.

In his first assignment of error, the appellant contends that the trial court erred in either refusing to instruct on the lesser included offense of outraging public decency, or by failing to instruct on the guidelines and standards applicable to prosecution for sexual misconduct and obscenity. We disagree.

### A.

We first address the appellant's contention that the trial court erred by failing to instruct on the lesser included offense of outraging public decency. We reject this contention.

The appellant argues that outraging public decency, 21 O.S.1981, § 22, is the lesser included offense of indecent exposure. Section 22, however, is applicable only when outrageous and immoral conduct is not specifically prohibited elsewhere in the Criminal Code. Section 22 provides:

> Every person who willfully and wrongfully commits any act ... which openly outrages public decency, and is injurious to public morals, *although no punishment is expressly prescribed therefor by*

*this Code*, is guilty of a misdemeanor. [Emphasis added]

Similarly, in *State v. Walker*, 568 P.2d 286, 288 (Okl.Cr.1977), Judge Bussey in his specially concurring opinion stated "where a specific act is defined and a punishment prescribed therefor under the laws of the State of Oklahoma, the prosecution should not be laid under the general provisions of 21 O.S.1971, § 22."

The appellant was charged and convicted of indecent exposure, which is specifically provided for in Title 21 O.S.1981, § 1021. Since indecent exposure is specifically prescribed in section 1021, section 22 is inapplicable for such conduct. Furthermore, since there is no question that the appellant exposed himself in the instant case, his conduct falls clearly within the purview of section 1021. Accordingly, this contention is meritless.

### B.

The appellant argues in the alternative that the trial court erred by failing to instruct the jury on the First Amendment guidelines and standards applicable for prosecution for sexual misconduct and obscenity. We disagree. We first note that the appellant has waived this assignment of error by failing to submit requested instructions to the court. This Court has repeatedly held that upon the failure to "submit requested instructions, and where the instruction given adequately covered the subject matter of inquiry, any error was waived." *Maghe v. State*, 620 P.2d 433, 436 (Okl.Cr.1980).

In addressing the merit of this contention, we similarly find that the contention is unfounded. At trial, the appellant did not assert a defense that his nude exhibition was "work" involving artistic expression. *See Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Therefore, the protections of the First Amendment, with regard to artistic expression, do not impact upon the appellant's charge of indecent exposure. The trial court is under an obligation to instruct only upon any material issue raised by the evidence, *Carter v. State*, 560 P.2d 994

(Okl.Cr.1977), and such an instruction was properly omitted since it had no support in the record. For the foregoing reasons, the appellant's first assignment of error is without merit.

### II.

In his second assignment of error, the appellant contends that the trial court erred by sustaining the State's motion in limine to preclude references and testimony regarding the offense of outraging public decency. The appellant further contends that, regardless of whether the offense of outraging public decency is a lesser included offense of indecent exposure, he should have been able to defend the charge of outraging public decency. We disagree.

This Court has previously held that the "[f]ailure to follow the proper procedure for contesting a ruling on a motion in limine waives the issue for appellate review." *Kaiser v. State*, 673 P.2d 160, 162 (Okl.Cr.1983). Furthermore, this Court held:

> When a motion in limine is sustained, the party seeking to introduce the evidence must, at trial, but out of the jury's hearing, make an offer of proof as to what the testimony would be in order to afford the trail court an opportunity to make a final ruling on the evidence.

*Id.* In the instant case, the appellant failed to make an offer of proof regarding the evidence he wished to introduce at trial. 12 O.S.1981, § 2104(A)(2). *See also Hill v. State*, 672 P.2d 308 (Okl.Cr.1983). Moreover, in sustaining the State's motion, the trial judge stated that "[i]n any event, should there be evidence that fits within an outraging public decency *that I have not seen*, I'm sure that you'll [defense counsel] bring it to my attention, but at least as we start out, *having not seen any* and based on the argument, the Motion in Limine is granted." (Emphasis added.) Based on the circumstances of the case at bar, we find that the court's ruling, sustaining the State's motion in limine, was not error. Accordingly, this assignment of error is without merit.

### III.

In his next assignment of error, the appellant asserts the trial court erred in overruling his motion to quash and remand count II of the Information for further preliminary hearing. We disagree.

The facts surrounding this issue show that the appellant originally was charged with one count of indecent exposure. At the conclusion of the State's case at preliminary hearing, the magistrate announced that, in his opinion, probable cause had been shown for two distinct acts of indecent exposure, one occurring on April 12, and the second on April 13. The State then orally moved to include a second count in the Information, to comport with the evidence adduced at preliminary hearing. At the conclusion of the hearing, the examining magistrate bound the appellant over for both counts of indecent exposure. Immediately thereafter, an amended Information was filed with the clerk's office.

This Court has previously held that "[a]n examining magistrate may hold the accused for trial for the offense originally charged, or for any other offense, as the facts may warrant." *Webster v. District Court of Oklahoma County*, 473 P.2d 277, 279 (Okl.Cr.1970), quoting *Filler v. State*, 23 Okl.Cr. 282, 214 P. 568 (1923). We likewise noted in *Webster* that "[b]y the language of [22 O.S.1981, § 264, the examining magistrate] is not confined to the offense alone charged in the information, or even in the warrant, but to the offense which he finds upon examination has been committed." *Id.*, quoting *Trimble v. Territory*, 15 Okl. 620, 86 P. 64 (1904).

In *Webster*, the examining magistrate found that the charged offense was not supported by the information, but that probable cause for a different, uncharged offense existed under the evidence. He ordered the defendant held for trial on the different charge, and an amended Information incorporating that offense was filed immediately thereafter. *Id.* at 278. We found the procedure employed in *Webster* to be proper, and we affirm that holding

today. We accordingly reject this assignment of error.

### IV.

In his fourth assignment of error, the appellant contends that the trial court erred in admitting incompetent and prejudicial evidence. The trial court denied the appellant's motion in limine to suppress statements made by the appellant after his arrest. It was adduced at trial that the appellant, upon his arrest and placement in police custody, stated that the person who reported his exposure would "pay for it." The appellant contends first that the trial court erred in admitting, over objection, these statements since their probative value was outweighed by their prejudicial effect, and secondly, because such comments tended to establish an unrelated offense and the State had not followed the requisite *Burks*[1] procedure. We disagree.

This Court has held, in *Manning v. State*, 630 P.2d 327, 330 (Okl.Cr.1981), that "the issue of relevance is within the trial court's discretion, *Noah v. State*, 562 P.2d 950 (Okl.Cr.1977), and that the lower court will not be reversed absent a showing of severe prejudice or breach of appellant's fundamental rights. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979)." In the instant case, the appellant has not shown severe prejudice nor the breach of a fundamental right. Furthermore, the appellant was sentenced to one year imprisonment on each count for an offense that carried a maximum sentence of ten years. We cannot say, therefore, that such testimony prejudiced the jury's determination of punishment.

Similarly, the State did not violate the requisite *Burks*[2] procedure. This Court has held that "[a]n implication of another crime which is obvious only to defense counsel is not inadmissible as evidence of other crimes." *King v. State*, 640 P.2d 983 986 (Okl.Cr.1982). In the instant case, such a statement did not convey another crime to the jury and was not inadmissible.

---

1. *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979).

2. *Id.*

Accordingly, this assignment of error is without merit.

## V.

■ In his fifth assignment of error, the appellant asserts that the prejudicial misconduct of the prosecutor mandates a reversal. We disagree. The appellant has pointed out nine separate incidents during the trial that he now deems as misconduct. Upon an examination of the record, we find that a majority of such incidents were met with a contemporaneous objection and admonishment to the jury. Such admonishments cured any potential error. *See Kitchens v. State*, 513 P.2d 1300 (Okl.Cr. 1973). We find the remainder of the statements were either proper argument or statements, or were not met by an objection and request for admonishment, and are accordingly waived. *Luker v. State*, 552 P.2d 715 (Okl.Cr.1976). Accordingly, this assignment of error is also without merit.

## VI.

■ In his last assignment of error, the appellant claims that his sentence is excessive. We disagree. This Court has repeatedly held that this Court will not modify a sentence on appeal unless they are so excessive that they shock the conscience of the Court. *Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980). Furthermore, the sentences imposed were within the limits imposed by statute and should not be disturbed. *Ruhm v. State*, 496 P.2d 809 (Okl.Cr.1972). Since the sentences are not so excessive as to shock the conscience of this Court, this assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.