Henry Dean SIMPSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–269.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1987.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. Leblanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Henry Dean Simpson, was tried and convicted in the District Court of Woods County for the crime of First Degree Rape After Former Conviction of a Felony, four (4) counts, in Case No. CRF–81–33 and was sentenced to ten (10) years imprisonment for each count to run consecutively, and he appeals. We affirm.

Briefly stated the facts are that on May 3, 1981, appellant, after spending the day at the lake with B.J.B., took her to his house near Fairview, Oklahoma and repeatedly raped her.

For his first assignment of error appellant asserts that he was denied his constitutional right to a speedy trial. He was charged by information in Woods County on May 6, 1981, but was not brought to trial until October 19, 1984. Four factors must be considered in determining whether a defendant has been denied his constitutional right to a speedy trial: the length of the delay, the reason for the delay, the defendant's assertion of his rights, and the prejudice resulting to the defendant from the delay. *Barker v.*

*Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The length of delay in the instant case was almost three and one-half (3½) years. While it is true that this extended delay necessitates further inquiry, no delay is presumptively prejudicial. *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982).

The reason for the delay appears to be that appellant was incarcerated in Texas during the time period in question serving an eight (8) year sentence for Theft by Check and Theft of Property over one hundred dollars ($100). Appellant was incarcerated in Texas on June 29, 1982, and the Oklahoma authorities filed a felony detainer on May 23, 1984, after apparently experiencing some administrative difficulties that delayed the process. It is not clear from the record when the Oklahoma authorities first learned that appellant was incarcerated in Texas. Appellant was finally transferred to custody of the Oklahoma authorities on July 11, 1984, and was tried on October 19, 1984. Considering the circumstances of this case, we find that the reason for the delay was reasonable and was not deliberate or in bad faith. *Bristow v. State,* 644 P.2d 118 (Okl.Cr.1982).

In considering the third factor, we observe that appellant failed to demand a speedy trial. Thus, as the Supreme Court stated in *Barker,* ... "[f]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." 407 U.S. at 532, 92 S.Ct. at 2193.

The final and most important factor to be considered is whether appellant was prejudiced by the delay. In the instant case, we cannot say that appellant was prejudiced by the delay in that during the delay he was incarcerated in Texas. *See Gilbreath v. State,* 651 P.2d 699 (Okl.Cr.1982). Furthermore, appellant does not allege that the witnesses who testified on his behalf were unable to accurately recount the events of the past. Appellant has wholly failed to show that he suffered any prejudice due to the delay. *Maghe v. State,* 524 P.2d 344 (Okl.Cr.1974).

Balancing these four factors, we are of the opinion that appellant was not prejudiced by the delay of time and was not denied a speedy trial. This assignment is meritless.

■ As his second assignment of error appellant argues that the evidence presented at trial was insufficient to support a conviction for Rape. We disagree. The victim testified that she was repeatedly raped by appellant, was unable to resist his physical force, and was in fear for her life if she did not comply with his demands. Notwithstanding the fact that the victim could not remember the exact number of times she was raped and did not report the attack for three (3) days, we believe that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

■ In his third assignment of error, appellant contends that the trial court committed reversible error in failing to require the State to elect which act of intercourse it would rely upon for a conviction, and in failing to properly instruct the jury upon which alleged act they must consider his guilt or innocence.

We are of the opinion that *Colbert v. State*, 714 P.2d 209, 212 (Okl.Cr.1986) is dispositive of this issue:

The issue in the present case is not one of election. The joinder statutes now make possible charging a defendant with multiple counts when more than one offense has been committed. The test used for deciding the number of offenses committed is not the test quoted above but the same evidence test. *Johnson v. State*, 611 P.2d 1137 (Okl.Cr.1980).

Applying that test to the facts of the present case, we find no error in charging the appellant with and convicting him of two counts of rape. Every element of rape was proven as to each count. After the appellant had raped his victim once, he formed the intent to commit a second assault on her. To hold that a man could rape a woman a second time with impunity would be to provide him an invitation to engage in further criminal conduct solely at the expense of his victim. Such a decision by the judiciary would be unthinkable.

In the instant case, the State clearly proved each element of rape for four (4) counts. Therefore, the State was not required to elect one act of intercourse, but properly charged appellant with four (4) counts.

Additionally, since the State was not required to elect one act of intercourse, no instructions limiting the jury's consideration of the other acts were necessary, even if the appellant had properly preserved this assignment by objecting to the instructions. This assignment of error is without merit.

■ Appellant next complains that he was deprived of his constitutional right to a proper jury determination of the after former conviction issue. He argues that the trial court failed to instruct the jury that he entered a plea of not guilty to the second page of the State's Information, and that the State had the burden of proof regarding its second stage allegations. However, since appellant did not object to the instructions and failed to submit requested instructions, this assignment was waived. *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981).

■ Furthermore, the state introduced a certified copy of a judgment and sentence bearing the name "Dean Simpson". During the trial, the witnesses for the appellant and appellant's attorney, referred to him as "Dean Simpson" on numerous occasions. A certified copy of a judgment and sentence of the appellant's prior conviction is sufficient evidence of that conviction and constitutes prima facie proof of appellant's identity absent rebutting evidence. *Fogle v. State*, 700 P.2d 208 (Okl.Cr.1985). Consequently, we find no error.

Appellant finally urges that this Court should, in the alternative, modify his sentences to run concurrently with one another. However, in absence of any error, we decline to modify appellant's sentences. This assignment is groundless.

The judgments and sentences are AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in results.