The STATE of Oklahoma, Appellant,

v.

James ABBOTT, Appellee.

No. O–75–487.

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1976.

Rick Cornwell, Asst. Dist. Atty., Pottawatomie County, for appellant.

Michael P. Warwick, Shawnee, for appellee.

## OPINION

BLISS, Judge:

This is an appeal from the District Court, Pottawatomie County, Case No. CRF-74-476, wherein James Abbott, hereinafter referred to as defendant, was charged with the crime of Possession of Stolen Vehicle, in violation of 47 O.S.1971, § 4-103. After the presentation of the State's evidence the defendant demurred to the evidence which was sustained by the trial court and the court directed the jury to render a verdict in favor of the defendant which was so entered. Prior to the presentation of the State's evidence, the defendant presented an oral motion to exclude certain testimony anticipated to be introduced by the State and such motion was granted with the State giving notice of intent to appeal the trial court's ruling on said motion. From the trial court's order granting the defendant's oral motion to exclude certain testimony, the State now perfects a timely appeal to this court upon a reserved question of law as provided by 22 O.S.1971, § 1053, ¶ 3.

The question reserved by the State for this Court's review deals with the ruling in the trial court which sustained the defendant's motion to exclude certain evidence which the defendant anticipated the State would seek to introduce which connected the defendant with crimes other than the one charged. The motion was presented orally to the trial court outside the hearing of the jury prior to the presentation of the State's evidence in chief. The defendant requested the court to prohibit the State from introducing testimony to the effect that certain other automobiles, other than the automobile upon which the charge was filed, were found in the possession and on the property of the defendant.

We turn first to the character of the defendant's motion. From the scant record before us we must conclude that the defendant's oral motion was not a motion to suppress predicated upon an illegal search or seizure of the other automobiles, but that the defendant's motion was a motion in limine or preliminary motion to assure the exclusion of evidence which in its nature would be prejudicial to the defendant.

The possible prejudicial nature of the evidence emanates from the defendant's assertion that the specific evidence of other crimes, i. e., possession of additional stolen vehicles other than the vehicle for which the defendant was charged, does not fall within one of the well recognized exceptions which allow the admission of evidence of other crimes, and thus, the evidence should be inadmissible. See, *Moulton v. State*, Okl.Cr., 476 P.2d 366 (1970).

This Court has implicitly recognized the propriety of the motion in limine as a procedural device in judicial administration. See, *Haury v. State*, Okl.Cr., 533 P.2d 991 (1975). We also note in *Burrus v. Silhavy*, Ind.App., 293 N.E.2d 794 (1973) and 63 A.L.R.3d 304:

"A 'motion in limine' is a necessary adjunct to the trial court's inherent power to admit and exclude evidence. The trial court may issue protective orders against prejudicial questions or statements which could be uttered before a jury and thereby prevent a fair and impartial jury trial. As stated in Davis, Motions in Limine, 15 Clev.—Mar.L.Rev. 255, 256-257 (1966):

"'If prejudicial matters are brought before the jury, no amount of objection or instruction can remove the harmful effect, and the plaintiff is powerless unless

he wants to forego his chance of trial and ask for a mistrial. Once the question is asked, the harm is done. Under the harmless error rule many of these matters would probably not be reversible error even though they have a subtle but devastating effect on the plaintiff's case.

" 'Perhaps the greatest single advantage to a motion *in limine* is not having to object in the jury's presence to evidence which is "logically relevant." Jurors cannot be expected to understand why they should not be allowed to consider *all* evidence which is related to the case, and will usually resent the fact that an objection kept them from hearing it.

" 'Another advantage in the use of these motions is to allow the trial judge an opportunity to study the question and the authorities involved. If presented in advance of trial with a brief and with the time to study it, the court will be more inclined to grant the motion.

\* \* \* \* \* \*

" 'The power of the trial court to grant such a motion is inherent in its right to admit or exclude evidence and will probably not be specifically mentioned in the procedural rules. . . .' " (Emphasis original)

Also see, 63 A.L.R.3rd 311 and 89 A.L.R. 2d 277.

■ Recognizing the absence of a specific statute or procedural rule in Oklahoma specifically authorizing the procedural device of a motion in limine, but having implicitly recognized propriety of such a motion, we turn to the specific motion in limine in the instant case. We are of the opinion that the defendant's motion in limine in the instant case was questionably made. Certainly, the significance or importance of such an evidentiary ruling mandates that such a motion be made in writing whereafter if entertained by the trial court the ruling of said trial court will be properly preserved if needed for appellate review. Only the careful drafting and proper argument can provide the trial court with sufficient facts and circumstances upon which to intelligently make an evidentiary ruling. We do not reach the obvious question which must also arise as to whether or not such an evidentiary ruling would be absolute or merely advisory to the parties. We leave the resolution of such an issue to the facts and circumstances of each particular case.

■ In the instant case the State, as the aggrieved party to the trial court's ruling upon the defendant's motion in limine, bears the burden to preserve an adequate record for appellate review. The record before us fails to reflect any specific offer of proof relating to the facts attendant to the particular evidence the State sought to introduce, but only illustrates the argument by defense counsel and the prosecutor. We do not find the record before us presents sufficient facts upon which we might conclude that the trial court abused its discretion in excluding the certain evidence in question. See, *Henderson v. State,* Okl.Cr., 385 P.2d 930 (1963). We are left to speculate as to the particular facts and circumstances which would or would not conceivably lend credence to the relevancy and competency of the certain evidence excluded. Therefore, we cannot in good faith promulgate precedent regarding an exception to the rule precluding the admission of evidence of other crime, upon a foundation of speculation. Therefore, for these reasons we do not disturb the trial court's ruling sustaining the defendant's motion in limine.

For all of the foregoing reasons, the trial court's ruling upon the defendant's motion in limine is sustained.

BRETT, P. J., and BUSSEY, J., concur.