Robert Lloyd TEEGARDEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–911.

Court of Criminal Appeals of Oklahoma.

April 26, 1977.

Pete Silva, Jr., Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge.

Appellant, Robert Lloyd Teegarden, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–76–672, with the offense of Grand Larceny, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1701 and 21 O.S.1971, § 51. The case was tried to a jury and a guilty verdict was returned. Punishment was assessed at seven (7) years'

imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

James Strozier, State's first witness, testified that on February 5, 1976, he was employed as a clerk in the Sporting Goods Department of Skaggs Albertsons Store in Tulsa, where, on that date he saw the defendant; the witness recognized him because the defendant had been in the store the night before. As the defendant approached the gun counter, Mr. Strozier left the customer whom he was helping and removed the same two pistols from the counter which the defendant had been looking at the night before. The guns were laid on the counter and the witness returned to his customer. A few moments later the witness glanced up, and saw the defendant leaving the Sporting Goods Department; he immediately noticed that the pistols were missing from the counter. The witness pursued the defendant out of the store, but lost him. Mr. Strozier testified that other persons were in the Sporting Goods Department at that time but there was no one in the vicinity of the pistols.

The next witness called by the State was David Ward, owner and operator of Tulsa's Shooters Supply, a gun store. On February 10, 1976, the defendant entered the store, purchased some .9mm. ammunition and then began to browse around; the witness, an employee and a customer were talking by one of the counters, while another customer talked on the phone. The witness stated that he observed the defendant move over to a counter on which were laying two pistols. The defendant then left the store, and the witness then noticed that one of the pistols was missing. A search of the area failed to reveal either the defendant or the pistol, at which time the police were called.

The State then rested.

The defendant rested without presenting any evidence.

■ In his first assignment of error, the defendant contends that the trial court erred in denying his motion in limine, presented and argued prior to trial. The defendant argued that the State should not be permitted to introduce evidence of crimes committed by the defendant other than the one charged in the information, which alleged that on February 5, 1976, defendant stole from Skaggs Albertsons Store two Colt automatic pistols. More specifically, the defendant asserts that it was error for trial court to allow into evidence testimony tending to show that on February 10th he stole a pistol from Shooter's Supply.

We note first that although the motion in limine was properly made and argued prior to trial, defendant made no objection at trial to the introduction of the testimony relating to the theft from Shooter's Supply. We are of the opinion that defendant thereby failed to preserve his objections and they are thus waived. In the case of *State v. Abbott,* Okl.Cr., 545 P.2d 792 (1976), we had occasion to deal with motions in limine. In *Abbott,* the State perfected an appeal on a reserve question of law, wherein the State protested the trial court's action in granting the defendant's motion in limine. In disposing of the case this Court said that the State, as a grieved party, had failed to properly preserve the record.

After discussing the propriety of the motion in limine, and the necessity that they be in writing, this Court stated:

"    . .   We do not reach the obvious question which must also arise as to whether or not such an evidentiary ruling would be absolute or merely advisory to the parties. We leave the resolution of such an issue to the facts and circumstances of each particular case." *State v. Abbott,* supra.

■ That issue is now before us; we hold that a ruling on a motion in limine is merely advisory and not conclusive, and further hold that in order to properly preserve objections to the introduction of evidence which is the subject of the motion in limine, objection must be made at the time the evidence is sought to be introduced. Similarly, when a motion in limine is sustained, the party seeking to introduce the evidence must at trial, but out of the hearing of the jury, make an offer of proof as to what the

proper testimony would be, thereby giving the trial court an opportunity to make a final ruling with respect to it. In view of the above, defendant's first assignment of error is without merit.

■ In his second assignment of error, the defendant contends that there was insufficient evidence to support a conviction. This is totally without merit. While it is true that no one actually saw defendant take and carry away the pistols, it is not necessary that the State present eyewitnesses to every crime in order to obtain a conviction. Circumstantial evidence is enough. *Guthrey v. State,* Okl.Cr., 374 P.2d 925 (1962). In the present case there was evidence that the defendant was handling the pistols one moment, and that he and the pistols had disappeared the next. And, while it is true that other people were present in the Sporting Goods Department, the State's witness also testified that none of them were in the immediate vicinity of the pistols for the few seconds in which the witness' attention was diverted to another customer. We have said, in *Stidham v. State,* Okl.Cr., 507 P.2d 1312 (1973):

"It is well settled that this court will not reverse if there is substantial evidence, although circumstantial, from which a reasonable and logical inference of guilt arises. *Hurley v. State*, Okl.Cr., 416 P.2d 967 (1966)."

■ In his final assignment of error, the defendant asserts that the punishment was excessive. We agree, because we are of the opinion that the admission of a testimony relating to the theft from Shooter's Supply was erroneous, and also because of the general confusion in the law regarding the effect of motions in limine.

The judgment and sentence will accordingly be *MODIFIED* to five (5) years' imprisonment and otherwise *AFFIRMED.*

BLISS and BRETT, JJ., concur.