Tony A. MORSE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–809.

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1981.

Theodore P. Roberts, Keith N. Bystrom, Jack L. Elliott, Legal Aid of Cleveland County, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant, Tony A. Morse, was convicted of Forgery in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1585(2), in Case No. CRF–79–794 in the District Court of Cleveland County. He was sentenced to ten (10) years' imprisonment.

The appellant purchased a new automobile from Al Salyer Oldsmobile on October 30, 1979. He paid with an $8,000.00 check drawn on the account of Lowry Ewing. Mr. Ewing testified that the appellant was living with him at the time the car was bought. He further testified that he had authorized Morse to make certain purchases with his credit card but that he had not given appellant permission to sign a check for the car.

The appellant's propositions of error all regard the scope of cross-examination of Lowry Ewing. Prior to trial, the court sustained the State's motion in limine to exclude questioning Ewing regarding an alleged homosexual relationship between the witness and the appellant. In *Teegarden v. State*, 563 P.2d 660 (Okl.Cr.1977), this Court held that in order to properly preserve an objection to a motion in limine, the party seeking to introduce the evidence must

make an offer of proof at trial as to what the testimony would be. Since a ruling on a motion in limine is merely advisory, this gives the trial court an opportunity to make a final ruling with respect to it. The defense failed to make any offer of proof at trial so the issue has not been properly preserved for appeal. Absent a showing of fundamental error, this Court will not reverse the decision of the lower court on an issue improperly before it.

■ The appellant first alleges that prohibiting the defense from cross-examining Ewing regarding his homosexual relationship with appellant prevented the defense from showing Ewing's bias or prejudice against Morse. This issue is also addressed by the appellant's assertion of error that his constitutional right of confrontation was violated. There is no doubt that the accused has the right to cross-examine witnesses. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

Relevant evidence may be excluded on the grounds that its probative value is outweighed by the danger of unfair prejudice or confusion of the issues. 12 O.S.Supp. 1980, § 2403. The issue before the court in this case was forgery, not homosexuality. Without directly alluding to the issue of homosexuality, the defense was given wide latitude in cross-examining Ewing regarding his relationship with the appellant. Testimony was given which addressed the issue of the appellant's prior authorized use of Ewing's credit card. Ewing was also questioned concerning his intention at one time to set Morse up in business and a plan by Ewing and Morse to adopt a child together.

■ Although not allowed to specifically refer to the homosexual relationship, the defense was able to present the jury with the facts relevant to the issue of Ewing's bias or prejudice. In order to overturn the trial court's ruling on the scope of cross-examination, there must be a clear abuse of discretion resulting in manifest prejudice to the defendant. In view of the testimony presented, we find no prejudice to the defendant.

In his second assignment of error, appellant contends that evidence of the homosexual relationship between Ewing and Morse would tend to prove a lack of intent to defraud. He argues that he believed Ewing had authorized him to sign the check, thereby negating any intent to defraud. Although the defense argues that it was imperative to show the sexual relationship between the appellant and the witness in order to give credence to this contention, we do not agree. As discussed earlier, the defense was allowed to cross-examine Ewing extensively regarding his relationship with Morse.

Finally, he urges that he was denied equal protection of the law by the exclusion of testimony regarding the sexual relationship of Morse and Ewing. The appellant was given an adequate opportunity to cross-examine Ewing. The trial court's ruling did not serve to limit any fundamental right of the appellant, but only to ensure the jury was not confused by other issues. We find this contention without merit.

No fundamental error having been committed, the judgment and sentence appealed from is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.