**Marvin Gregory SEEGARS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–81–390.

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1982.

Rehearing Denied Jan. 7, 1983.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Marvin Gregory Seegars, was convicted of Murder in the First Degree and Assault and Battery With a Deadly Weapon With Intent to Kill, in Oklahoma County District Court, Case No. CRF–80–3566, was sentenced to life imprisonment and twenty (20) years' imprisonment, respectively, and he appeals.

On September 1, 1980, Graylee Keel, was killed as a result of being shot in the head at point blank range, and his common-law-wife, Glenda Server, was shot twice in the head, however, she survived and named the appellant, Marvin Gregory Seegars, as the assailant.

## I

In his first assignment of error, the appellant alleges that the trial court erred in refusing to instruct the jury on the lesser included offense of Manslaughter in the First Degree. At trial, the appellant took the stand and admitted that he was in the room when the victim was shot, but offered as an alibi, that another person had done the shooting. As we have repeatedly held: "When a defendant, who has a right of election as to several defenses, takes the stand as a witness and makes such admissions as to render every theory of defense unavailable save one, he will be deemed to have elected that one." *Jones v. State,* 555 P.2d 1061 (Okl.Cr.1976); *Wiley v. State,* 551 P.2d 1146 (Okl.Cr.1976), and cases cited therein.

In the instant case, as in *Jones* and *Wiley,* supra, the appellant testified that a third party perpetrated the crime, no evidence of a lesser included offense was presented. Appellant was either guilty of murder in the first degree or he was innocent, and the trial court did not err in failing to instruct the jury on manslaughter in the first degree. This assignment of error is without merit.

## II

In his second assignment of error, the appellant argues that the trial court erred in admitting the testimony of Glenda Server, that the appellant was employed by the decedent to distribute drugs, as such testimony was evidence of other crimes, and the ten (10) day notice requirement of *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979), was not met. We do not agree. The record reveals that the prosecution did not learn of the substance of the testimony until the day before it was given, and the defense was notified as soon as possible. Further, Server's statement that the decedent had informed the appellant that he was quitting his drug distribution activities and would no longer be supplying the appellant, was ad-

missible to prove the motive for the slaying. Moreover, the appellant did not object to the testimony at trial, and has not properly preserved this issue for appeal. *Burks,* supra.

## III

In his third assignment of error, Seegars relies upon *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and contends that, since the State failed to prove the validity of his warrantless arrest, which led to a confession by him, the trial court erred in admitting the confession at trial.[1]

Officer Larry Andrews testified that he interviewed a man who said he had seen two black males, one with a dark complexion and another with a light complexion and a bushy afro, leaving the scene of the crime at approximately 5:00 or 6:00 a.m., in a maroon over silver Cutlass. While Andrews was standing in front of Room 274, he saw two men matching the description given him driving a maroon over silver Cutlass, pull into the Howard Johnson's motel parking lot, and stop adjacent to the room. Appellant and Robert Bruner stepped from the car and attempted to enter the room but were restrained by investigators. The vehicle's registration papers indicated that it was owned by the decedent. When interviewed by Andrews, the appellant stated that he left the motel room at 3:00 a.m. Andrews noticed small stains on appellant's t-shirt which appeared to be blood, and requested that he voluntarily accompany him to the jail for further questioning. On September 4, after having been confronted with the taped conversation of Glenda Server, in which she implicated him, the appellant, having received his *Miranda* warnings, stated that he had been present when the decedent shot Server and then himself.

We find that the officer had probable cause to question and then arrest Seegars, and that his statement was admissible.

---

1. We note that the appellant's statement was not a confession but was an admission that he was at the crime scene where the deceased

shot Server and then committed suicide; this statement was exculpatory in nature and was self-serving.

## IV

 Fourthly, the appellant argues that the trial court erred in overruling his motion in limine to prevent admission of evidence of his prior conviction of Robbery by Force and Fear, in Virginia. As we have held on numerous occasions,

> A ruling on a motion in limine is merely advisory and not conclusive, and ... in order to properly preserve objections to the introduction of evidence which is the subject of the motion in limine, objection must be made at the time the evidence is sought to be introduced. *Teegarden v. State*, 563 P.2d 660 (Okl.Cr.1977).

In the instant case, a review of the record not only fails to demonstrate that the appellant objected to the admission of his prior conviction at trial, but it reveals that the jury was first informed of the conviction when it was elicited from the appellant by his attorney during his direct examination. Moreover, even had a proper objection been interposed, the evidence was admissible pursuant to 12 O.S.1981, § 2609(A)(2). This assignment of error is wholly without merit.

## V

 In his final assignment of error, the appellant claims that the trial court erred when it refused to admit the medical records of Glenda Server into evidence. The appellant sought admission of the records to cast doubt upon the victim's ability to recall who had shot her and her husband. Although the initial rejection of the proffered records was based upon failure of defense counsel to lay the proper predicate, the record reveals that the ultimate reason for their rejection was the view of the trial court that because of their volume and highly technical nature, they would have no probative value and would be of no assistance to the jury.

We find that the trial court acted properly, pursuant to 12 O.S.1981, § 2403,[2] and did not abuse his discretion in refusing to admit the medical records of Glenda Server. This assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.

---

**2.** 12 O.S.1981, § 2403 provides:

Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Cumulative Nature of Evidence.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise.