Michael Ray WILLIAMS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–647.

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1987.

As Corrected May 1, 1987.

Don J. Guttridge, Jr., Kerr, Irvine & Rhodes, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

PARKS, Judge:

The appellant, Michael Ray Williams, was convicted in the District Court of Oklahoma County, Case No. CRF-83-678, for the offense of Rape in the First Degree and of two separate counts of the Crime Against Nature. The appellant was sentenced to thirty (30) years imprisonment for the Rape and to fifteen (15) years imprisonment for each count of the Crime Against Nature. We affirm.

In the evening hours of January 29, 1983, A.L.H. was entertaining guests at her northeast Oklahoma City residence. At approximately 8:00 p.m., the appellant and his nephew arrived at the house and were admitted. After about an hour, the original guests departed, leaving A.L.H. alone with the appellant and his nephew and three small children who had been previously put to bed. A.L.H. and the appellant then played dominoes while the nephew watched television. When the game ended, the appellant indicated that he was ready to leave and told his nephew to warm up the car while he went to the bathroom. After the nephew left, the appellant began to struggle with A.L.H. According to the testimony, the appellant ordered her to "give me some," and when she resisted he choked her and beat her head against the wall. She managed to free herself from the grasp of the appellant, and attempted, by switching the porch light on and off, to signal the appellant's nephew for help. At one point during the struggle, she forced the appellant partially out of the front door. She was then able to dial the operator, contact the police, and give her address before the appellant re-entered the house and took the phone away. As the attack continued, she was forced to take off her clothes and was pushed upon the couch where the appellant orally sodomized her. The appellant then forced her to commit an act of oral sodomy and finally raped her. The victim testified that the appellant did not ejaculate. The police arrived and entered the house upon hearing her cries for help. When the police entered, the appellant was standing in the hallway wearing no pants. The victim further testified that when the police told the appellant to get dressed he made an incriminating statement before the officers read him his *Miranda* warnings. He also made some statements afterwards. She said that all of the statements were spontaneous and not in response to any questioning by the officers. The victim was subsequently taken to Oklahoma Memorial Hospital, and a rape examination conducted with inconclusive results.

### I.

In his first assignment of error, the appellant asserts that certain statements he

made at the time of his arrest were obtained in violation of the Fifth Amendment to the United States Constitution. The appellant also claims the statements were the product of an illegal arrest. We disagree.

First, it is clear that the appellant's arrest was based upon probable cause. The police responded to the victim's pleas for help and arrested the appellant when she charged him with rape. The victim testified that she was being raped at the time the officers arrived. The facts known to the officers at the time of the arrest were sufficient to give a reasonable man cause to believe that the appellant had committed an offense. Accordingly, the appellant's statements were not the product of an illegal arrest.

As to his Fifth Amendment claim, the appellant correctly asserts that in order to determine the admissibility of statements such as the ones that he allegedly made on the night of the incident, it must be determined whether or not the statements were a product of free will. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The appellant is apparently arguing that, since he was arrested and was not immediately told of his rights, any statements he made were the product of coercion and thus were inadmissible at trial.

The State, on the other hand, argues that the statements by the appellant were voluntary and not the product of any interrogation. The State relies on the language of *Miranda v. Arizona*, 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966), which states:

In dealing with statements obtained through interrogation, we do not purport. to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he

can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.

*Accord Grizzle v. State*, 559 P.2d 474 (Okl. Cr.1977).

In *Rowbotham v. State*, 542 P.2d 610 (Okl.Cr.1975) this Court noted that it was bound by the facts presented on appeal in determining whether or not a statement is volunteered. It is apparent from the record in this case that the appellant made certain *spontaneous* incriminating statements to police officers at the scene of the arrest. The appellant asserts that the State failed to produce the arresting officers in an effort to conceal circumstances surrounding the arrest that might render his statements inadmissible. However, it is not necessary for the arresting officer to testify and there is no evidence of any impropriety apparent in the record. Accordingly, we agree with the trial court's finding that the appellant's initial statements were not the product of a police interrogation, and his subsequent statements were made after he had been given his *Miranda* warnings. Therefore, we find this assignment to be without merit.

II.

In his second assignment, the appellant contends the trial judge erred when he refused to instruct the jury on the issues of corroboration of the victim's testimony. It is well established that a conviction for rape may be based on the uncorroborated testimony of the victim, unless her testimony is inherently improbable or unworthy of credence. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980). As this Court noted in *Holding v. State*, 568 P.2d 332, 334 (Okl.Cr.1977), "the testimony of the prosecutrix must be highly improbable, un-

certain or contradictory before this Court will interfere with a jury's findings."

It is clear from the evidence adduced at trial that there were only minor inconsistencies in the victim's testimony concerning the circumstances surrounding the rape. It should also be noted that the victim was testifying as to a traumatic event, and admitted on the stand that she may not have remembered events exactly as they occurred. Therefore, we find that the requested instruction was properly refused.

### III.

Appellant's next assignment of error asserts that the trial court failed to instruct the jury on the lesser included offenses of assault with intent to rape and assault and battery. We first note that the appellant failed to object to the instructions given by the trial court. A failure to object waives all but fundamental error. *Nash v. State,* 685 P.2d 972 (Okl.Cr.1984).

Here, the appellant testified that he did not have intercourse with the victim, did not commit or force her to commit any acts of oral sodomy, and did not choke or beat her. This Court has repeatedly held that "[w]hen a defendant who has a right of election as to several defenses, takes the stand as a witness and makes such admissions as to render every theory of defense unavailable save one, he will be deemed to have elected that one." *Seegars v. State,* 655 P.2d 563, 565 (Okl.Cr.1983), quoting *Jones v. State,* 555 P.2d 1061, 1070 (Okl.Cr. 1976). Since the appellant denied committing any of the alleged criminal acts, his election precludes an instruction on lesser included offenses. Therefore, this assignment of error is without merit.

### IV.

In his fourth assignment of error, the appellant asserts that the prosecutor made a number of improper comments during closing argument which adversely affected the fundamental fairness and impartiality of the proceedings. Again, we note that trial counsel failed to object to any of the statements. We therefore will only review the statements to determine whether they denied the appellant the fundamental right to a fair trial. *Glass v. State,* 701 P.2d 765 (Okl.Cr.1985).

Appellant asserts that the prosecutor violated the ABA Standards for Criminal Justice, § 3–5.8(b) and (c) which reads:

(b) It is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

In this instance, the prosecutor stated that the appellant "beat this lady within an inch of her life," a claim which was obviously untrue. The prosecutor also said that "He's done the crime, you can now set the time," and repeatedly referred to the appellant as an "animal." The prosecutor should be aware that this Court has never condoned such comments. *See Cobbs v. State,* 629 P.2d 368 (Okl.Cr.1981). The argument constituted serious misconduct and came perilously close to warranting a modification or reversal. However, considering all of the evidence in this case, we cannot say that the errors were so prejudicial as to undermine this Court's confidence in the jury's verdict of guilt. Furthermore, we cannot say that the sentences were so excessive as to represent an inflamed passion on the part of the jury. The sentences are well within the maximum provided by law. *See* 21 O.S. 1981, §§ 888 and 1115. Therefore, the appellant has failed to demonstrate that he has been fundamentally prejudiced by the prosecutor's errors. Accordingly we find this assignment to be without merit.

### V.

In his final proposition of error, the appellant asserts that his sentence was ex-

cessive and should be modified. This Court will only modify a sentence if, under all the facts and circumstances of the case, the sentence is so excessive as to shock the conscience of this Court. *Dillworth v. State,* 611 P.2d 256 (Okl.Cr.1980). In view of the evidence in this case, the sentences imposed do not shock the conscience of this Court and fall well within the allowable range of punishment that may be assessed by the jury. We therefore find this assignment of error to be without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.